VOLNEY COVITT v. M. ANDERSON.

Neither the petition nor citation in error stated the residence of either the plaintiff or the defendant, and the citation was served on the defendant's attorney, without any cause shown why the service was not on the defendant in error himself. *Held*, that the service is defective, and is insufficient to confer jurisdiction on this court.

ERROR from Robertson. Tried below before the Hon. R. S. Gould.

The opinion discloses all the requisite facts.

No brief for the plaintiff in error.

*McLemore & Hume*, for the defendant in error, moved to dismiss.

OGDEN, J.—Neither the petition for writ of error, nor the citation issued on the petition states the residence of either plaintiff or defendant in error. This is not in compliance with the statute nor the decisions of this court. (Article 1495, Paschal's Digest; Eastman v. Heirs of Gray, 3 Texas, 514; Roberts v. Sollibellus, 10 Texas, 352; Owen and wife v. Tankersly, 12 Texas, 38.) And the return of the sheriff on the citation shows

service on the attorney, without giving any reason for not serving the defendant. This service is not in accordance with the law. (Paschal's Digest, article 1495; Halliman v. Middleton, 23 Texas, 538; Daniel v. Henry, 30 Texas, 25.) This court has no jurisdiction of the cause, for the errors pointed out. But the transcript was filed in this court over twelve months ago, and the plaintiff has paid no further attention to it. The writ of error is therefore dismissed, and the cause stricken from the docket.

Dismissed.