### JOSEPH KREBS v. FRANK POPP.

Decided March 17, 1906.

**1.—Contract of Husband to Convey Homestead—Refusal of Wife—Liability— Case Distinguished.**

.     A contract by the husband for the sale of the homestead is valid, and when such contract is breached by reason of the refusal of the wife to join in the conveyance the husband is liable in damages. Specific performance can not be enforced. Berlin v. Burns, 17 Texas, 532, distinguished.

Appeal from the District Court of Cook County. Tried below before Hon. D. E. Barrett.

*Stuart & Bell,* for appellant.—In Texas, a married man's contract to have executed and delivered at a future day a deed to his homestead signed and acknowledged according to law by himself and wife is not void, and will render him liable for any damages that may be caused by its breach. Jones v. Goff, 70 Texas, 577; Kempner v. Heidenheimer, 65 Texas, 588; Campbell v. Elliott, 52 Texas, 158; Wright v. Hays, 34 Texas, 262; Cross v. Everts, 28 Texas, 534; Allison v. Shilling, 27 Texas, 450; Brewer v. Wall, 23 Texas, 585; Marler v. Handy, 88 Texas, 421; Stallings v. Hullum, 35 S. W. Rep., 4; Wolf Co. v. Galbraith, 80 S. W. Rep., 648.

*Culp & Giddings* and *Davis & Garnett,* for appellee.—The land which was the subject of the contract being the homestead, and the contract not having been signed by the wife, the contract was not binding on her, and the husband can not be held liable in damages on account of her refusal to sign the deed. Berlin v. Burns, 17 Texas, 532.

CONNER, CHIEF JUSTICE.—On the 7th day of October, 1904, Frank Popp, appellee, contracted in writing with appellant for the sale of 231 acres of land in Cooke County for the sum of $9,240, of which $100 was paid by the appellant at the time; $500 was to be paid within two weeks from the date of the contract, at which time appellee was to execute a good warranty deed to appellant, who was then to procure the balance of the purchase money, $6,000, by a farm loan. The full purchase price, $9,240, was to be paid on or before January 1, 1905, and appellee was to deliver possession on the 1st day of January following. 200 acres of the land mentioned constituted the homestead of appellee and his wife. The wife at the time of the execution of the contract consented thereto, but subsequently both appellee and his wife declined to execute deed as agreed upon. This suit was therefore

instituted to recover the sum of $2,310 damages because of the breach of the contract. The verdict and judgment was in accordance with the following peremptory charge of the court, to which error is assigned, viz.: "You are instructed to find for plaintiff $100, the amount tendered by defendant to plaintiff about January 1, 1905. Under the law of this case the plaintiff is not entitled to recover anything more than this."

In so instructing the jury, we think the court committed error. The theory of appellee's defense, among other things, is that the wife having refused to join in the execution of a deed to their homestead, the husband, appellee, is not liable in damages upon the written contract of sale, and the case of Berlin v. Burns, 17 Texas, 532, is relied upon as sustaining this proposition. That was a case in which Burns had agreed in writing to "convey, release and warrant" to Berlin certain land, including the homestead of Burns and wife, for the sum of $1,000. It distinctly appears, however, that the wife at the time and ever after refused to consent to any such contract or conveyance. Burns subsequently tendered deed executed by himself, which· was declined by Berlin, who afterwards instituted suit upon a note given by Burns upon the consideration of a cancellation of the contract. Our Supreme Court held in that case that the contract was void and hence that Burns was not liable on the note for want of consideration. We have been unable to find where this case has been referred to in later decisions, and it seems distinguishable from the cases hereinafter cited. Berlin at the time of entering into the contract with Burns knew of the distinct refusal of the wife to consent to the sale, and that Burns would be unable to make good title without the consent of his wife. Burns in fact did all that he could himself do in fulfillment of the contract made, and all that Berlin had any right to expect him to do. Berlin therefore had no cause to complain as against Burns, and certainly had no right to insist upon a contract to which the wife refused assent and that under the circumstances must have been intended to coerce her to do that which the law contemplated should be done by her, if at all, with her full and free consent. Since the decision in the case of Berlin v. Burns, our Supreme Court has decided numerous others in which the liability of the husband for breach of a contract to convey the homestead has been recognized without referring to it, which it seems to us could hardly have happened had it been considered as in conflict with the later cases. For instance, in the case of Cross v. Everts, 28 Texas, 524, the point seems to have been directly involved and it was there held that while the court would not enforce specific performance of a contract for the sale of a homestead, the wife refusing to join, the husband is clearly liable to respond in damages for its breach, and the court quotes with approval what was said by our Supreme Court in the case of Brewer v. Wall, 23 Texas, 589, viz.: "It is true that a husband is not at liberty to alienate the homestead during the wife's life without her consent, but we can not perceive that a bond executed by him in his wife's lifetime, conditioned that he will convey his homestead with a perfect title at a future time, would be a void instrument in contemplation of the law. We think such a bond would be binding upon the husband, and upon a breach of it damages might be recovered against him by suit

upon the bond." (See also Jones v. Goff, 70 Texas, 577; Campbell v. Elliott, 52 Texas, 158; Marler v. Handy, 88 Texas, 421; Wolf v. Galbraith, 80 S. W. Rep., 648; Kentner v. Heidenheimer, 66 Texas, 588; Wright v. Hays, 34 Texas, 262; Allison v. Shilling, 27 Texas, 450.) These cases seem to us to clearly establish the proposition that the husband may lawfully contract for the sale of the homestead; that when made it is not absolutely void, particularly when, as here, entered into by and with the consent of the wife, and that when such a contract is breached because of a subsequent refusal of the wife to join in the conveyance, which she is at perfect liberty to do, the court will award as against the husband damages for the breach, although it will refuse to enforce specific performance.

In further support of the judgment appellee insists that appellant failed to prove an ability to procure the farm loan mentioned in the contract. Also that there is no evidence showing that the value of the land in controversy at the time of the breach of the contract was in excess of the contract price. After careful consideration of the evidence, however, we think it such as to require a submission of these issues to the jury. The court's charge having excluded them it follows, we think, that the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

Writ of error dismissed.