FONDA v. COLQUITT. (No. 7138.)

(Court of Civil Appeals of Texas. Dallas. April 11, 1914.)

1. APPEAL AND ERROR (§ 1002*)—VERDICT— CONCLUSIVENESS.

A verdict on conflicting evidence, and supported by evidence, and rendered under proper instructions, will not be disturbed on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. HOMESTEAD (§ 128*)—CONTRACTS FOR SALE OF HOMESTEAD—BREACH—DAMAGES.

A contract executed by a husband alone to convey the homestead is not unlawful, notwithstanding the Constitution declares that a married man shall not sell the homestead without the consent of the wife, evidenced by the wife joining in the conveyance and by her separate acknowledgment thereof, and an action lies for damages against the husband for breach of the contract where he assured the purchaser that the wife would join in the deed, and she subsequently refused so to do.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 224–232; Dec. Dig. § 128.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by John M. Colquitt against E. R. Fonda. From a judgment for plaintiff, defendant appeals. Affirmed.

D. H. Morrow, of Dallas, and John Church, of McKinney, for appellant. H. C. Connor, of Sulphur Springs, and H. B. Thomas, of Dallas, for appellee.

TALBOT, J. This suit was instituted by appellee to recover of appellant $500, as damages for breach of a written contract to purchase certain lands. The contract was entered into between the appellant and appellee on March 10, 1913. It recites that the appellee agrees to sell to the appellant, E. R. Fonda, and wife 350 acres of land situated in Hopkins county, Tex., and that appellant agrees to purchase said land, and pay therefor $14,850, as follows: One lot and residence in block 2800 on Ross avenue, number of residence 2803, at the price of $18,000, appellee

to assume an incumbrance thereon of $6,000, and appellant to assume on the Hopkins county land $2,850. The said contract stipulates that in case either party thereto fails or refuses to comply therewith, that "the party so failing shall pay to the other party the sum of $500; which sum is agreed upon as actual damages for said failure." The said property agreed to be conveyed by appellant as consideration for his purchase of appellee's lands was the homestead of appellant and his wife, and she refused to sign a deed conveying said property to appellee, and appellant declared to appellee or to his agent "that the trade was off." The evidence is conflicting as to whether or not it was expected or intended, at the time the contract was signed by appellant and appellee, that Mrs. Fonda should sign it, but it is sufficient to sustain the conclusion that it was not so intended. A trial by jury resulted in a verdict and judgment in favor of appellee for the sum of $500, and Fonda appealed.

[1] We would not be warranted in holding that the verdict and judgment of the lower court are contrary to the court's charge, and unsupported by the evidence, as is contended by appellant. Upon the issue as to whether it was understood and intended, at the time of the execution of the written contract of sale and purchase, that Mrs. Fonda should sign said contract, the evidence, as before stated, was conflicting. Appellee testified: "When the contract was drawn, I asked Mr. Fonda if his wife should not sign it, and he said, 'No,' it was not necessary for her to sign it, as she understood the proposition, and had agreed to sign it, but that she would sign the deed, and that there would be no trouble about it whatever. I did not know it was intended that Mrs. Fonda was to sign it. I didn't understand that it was necessary for her to sign the contract. After Col. Fonda had signed the contract, I asked him if it was necessary to have his wife sign it, and he said that it was not. Nobody requested the defendant to take the contract to his wife and get her to sign it, that I know of. I know that I didn't request him to do so, and neither did my brother." D. T. Colquitt testified: "I saw the defendant sign the contract, and I asked him if it would not be better for his wife to sign the contract. He said, 'No,' that it was not necessary for Mrs. Fonda to sign it. My brother (plaintiff) suggested if it was necessary for Mrs. Fonda to sign the contract, and Col. Fonda said, 'No,' because she would sign the deed all right. Neither my brother nor I asked him to take the contract to his wife and ask her to sign it. After the defendant said it was not necessary for his wife to sign the contract, nothing was said about taking it to her to sign. * * * The contract does show for itself that the wife is mentioned as one of the parties to the contract, but she was intended to be erased, and it was never erased in any of the copies of the contract. We forgot to take

her name out, and she was not mentioned in the contract intentionally. * * * I didn't expect Mrs. Fonda to sign this contract when I drew it, and reference to her in the contract was put in there by the stenographer, and should not have been put in there." Martha McFarland testified: "Mr. Fonda said it was not necessary for his wife to sign the contract. Mr. John (meaning plaintiff) asked him if it was necessary for his wife to sign it * * * and Mr. Fonda said it was not necessary for her to sign the contract, but she would sign the deed; and she understood the whole thing. He said she would carry out the contract."

This testimony, as we understand the record, is contradicted alone by the testimony of the appellant, and, if it be conceded that appellee's right to recover turned upon whether or not it was intended by appellant and appellee, when the contract in question was signed, that Mrs. Fonda should sign it, a question we need not decide, certainly the evidence quoted is amply sufficient to sustain the jury's finding that such was not the intention.

[2] The Constitution of this state declares that the owner, if a married man, shall not sell the homestead without the consent of the wife given in such a manner as may be prescribed by law, and our statute provides that such consent shall be evidenced by the wife joining in the conveyance, and signing her name thereto, and also by her separate acknowledgment thereof, taken and certified to before the proper officer and in the mode pointed out. The form given for this acknowledgment requires that the wife shall be examined by the officer privily and apart from her husband; that the instrument shall be fully explained to her; that she acknowledge such instrument to be her act and deed, and declare that she had willingly signed the same for the purposes and consideration therein expressed, and that she did not wish to retract it. In Jones and Wife v. Goff, 63 Tex. 248, it is held that the homestead cannot be made the subject of an executory contract for its sale by the husband and wife, even though the wife's acknowledgment of its execution may be taken in the manner prescribed by law for its actual conveyance by deed; that, up to the last moment before the title passes, the married woman may, by retracting what she contemplated doing, retain it, and hence that essential element in the conveyance of the homestead—namely, the right of the wife to retract—is wanting in an executory contract to convey, and, where she refuses to carry out such contract, it is beyond the power of the court to supply that essential element. So, had Mrs. Fonda signed and acknowledged the contract made the basis of this suit in the manner required in case of its conveyance by deed, and thereafter refused to convey, she could not have been compelled by law to do so because of the execution of the contract. But it

seems to be well settled that, while a bond or contract executed by the husband alone to convey the homestead could not be enforced against the wife in an action for specific performance, yet it would not be an unlawful undertaking, and an action would lie for damages against the husband for its breach. Brewer v. Wall, 23 Tex. 589, 76 Am. Dec. 76; Cross v. Everts, 28 Tex. 524; Goff v. Jones, 70 Tex. 577, 8 S. W. 525, 8 Am. St. Rep. 619; Krebs v. Popp, 42 Tex. Civ. App. 346, 94 S. W. 115. There is no evidence pointed out or discovered by us in the record that tends to show that, at the time of the execution of the contract involved in this case, appellant's wife would not join in a deed conveying the property mentioned in said contract. On the contrary, the evidence shows that appellee was assured by appellant that his wife was willing to make the trade and would join in the deed.

There was no error in refusing the special charge asked by appellant and made the basis of his third assignment of error. This charge, in so far as it was correct and applicable to the facts of the case, was sufficiently covered by the court's main charge.

We have found no reversible error, and the judgment is affirmed.