BASSETT BLAKELEY v. W. I. KANAMAN ET AL.

No. 2714. Decided April 21, 1915.

**1.—Married Woman—Separate Real Estate—Contract to Sell and Convey.**

A contract by a married woman joined by her husband empowering their agent to negotiate and contract for the sale of her separate real property and binding them to convey the property accordingly, is not authorized by the statute governing her power with respect to her real estate (Rev. Stats., 1911, art. 1114) and the vendee so procured can not compel specific performance by them of the contract made by the agent. (Pp. 207-209.)

**2.—Same—Cases Distinguished.**

This case (a married woman's contract empowering an agent to negotiate sale of her real estate) is distinguished from cases of her bonds for title (Wright v. Thompson, 14 Texas, 558) and her conveyance through power of attorney (Patton v. King, 26 Texas, 686) which are sustained as being conveyances of her title, in whole or in part, and therefore authorized by the statute. (Pp. 208, 209.)

Error to the Court of Civil Appeals, First District, in an appeal from Harris County.

Blakeley sued Kanaman and wife, and procured writ of error on the affirmance, on his appeal, of a judgment of the trial court denying him recovery.

*B. F. Lewis* (*W. F. Gill*, of counsel), for plaintiff in error.—The executory contract of a married woman to convey her separate real estate when she is joined by her husband, and the instrument is properly acknowledged, can be enforced by decree of specific performance, as against the wife. Angier v. Coward, 79 Texas, 554; Jones v. Goff, 63 Texas, 256; Warren v. Jones, 69 Texas, 462; Ley v. Hahn, 36 Texas Civ.

App., 208, 81 S. W., 354; Kellett v. Trice, 95 Texas, 160; Cross v. Everts, 28 Texas, 533; West v. Clark, 28 Texas Civ. App., 1, 66 S. W., 216; George v. Stevens, 31 Texas, 675; Munk v. Widner, 9 Texas Civ. App., 491, 29 S. W., 409; Bott v. Wright, 132 S. W., 961; Daggett v. Barre, 135 S. W., 1100; Barre v. Daggett, 105 Texas, 572; Patton v. King, 26 Texas, 687; Wright v. Thompson, 14 Texas, 559; Womack v. Womack, 8 Texas, 414; Hollis v. Francois, 5 Texas, 202; Callahan v. Patterson, 4 Texas, 65. The homestead of the husband and wife may be conveyed under power of attorney duly executed. Jones v. Robbins, 74 Texas, 615, 12 S. W., 826; Speer on Married Women, secs. 21-25, 99, 120, 121, 123; Simkins on Contracts and Sale, p. 97; Cyc., Vendor and Purchaser, vol. 39, pp. 1302-3.

*T. H. Stone,* for defendants in error.—The contract declared upon by appellant, entered into between Clara Kanaman, the wife, joined by her husband, on the one hand, and Olschewske, on the other, is neither a conveyance, nor a contract for the benefit or preservation of the wife's estate, nor a contract for necessaries for the wife and children, and is, therefore, invalid, unenforceable and void, because of the legal incapacity of the wife to enter into the same. Kellett v. Trice, 95 Texas, 161; City of San Antonio v. Grandjean, 91 Texas, 431; Wadkins v. Watson, 86 Texas, 194; Hollis v. Francois, 5 Texas, 199; Magee v. White, 23 Texas, 180. Bond for title. Angier v. Coward, 79 Texas, 554; Wright v. Thompson, 14 Texas, 561; Neyland v. Ward, 54 S. W., 605; Goff v. Jones, 63 Texas, 249; Ley v. Hahn, 36 Texas Civ. App., 208, 81 S. W., 354. Power of attorney. Warren v. Jones, 69 Texas, 467; Kellett v. Trice, supra; Patton v. King, 26 Texas, 686; State v. Clay, 100 Mo., 574, 13 S. W., 829; Rush v. Brown, 101 Mo., 586, 14 S. W., 735; Cyclopaedia of Law, vol. 21, p. 1320, and notes 73 and 74.

Mr. Justice PHILLIPS delivered the opinion of the court.

Clara Kanaman, joined by her husband, W. I. Kanaman, entered into a contract of agency and sale with William H. Olschewske, duly acknowledged, empowering the latter as their agent to negotiate and contract for the sale and exchange of certain real estate, the separate property of Mrs. Kanaman, situated in the city of Houston, upon terms stipulated in the contract, and binding the Kanamans to convey the property accordingly. Olschewske negotiated a sale and exchange of the property, upon the terms of the contract, with the plaintiff in error, and as the agent of the Kanamans entered into a contract with him, duly acknowledged, by its provisions binding them to convey the property upon the completion of the transaction. The suit was by Blakeley against Mrs. Kanaman and husband for the specific performance of the latter contract, his petition alleging the tender of its full performance on his part, and their refusal to convey the property. It was resisted by the Kanamans through the office of demurrers raising the question that since the petition disclosed the property to be the separate estate of Mrs. Kanaman,

on account of her coverture she was not bound by the contract of sale. These demurrers were sustained by the trial court, resulting in an appeal by Blakeley and the affirmance of the judgment by the Court of Civil Appeals.

Such power as was possessed by a married woman in this State with respect to her separate real estate at the time of the transaction involved here, was that conferred by art. 1114, Rev. Stats., 1911, which is as follows:

"The husband and wife shall join in the conveyance of real estate, the separate property of the wife; and no such conveyance shall take effect until the same shall have been acknowledged by her privily and apart from her husband before some officer authorized by law to take acknowledgments to deeds for the purpose of being recorded, and certified to in the mode pointed out in articles 6802 and 6805."

This statute empowers her to convey such property when joined by her husband and her acknowledgment is privily taken, but it recognizes no obligation resting upon her in virtue of a mere contract to convey. Unless it can be properly held that the power to convey imports the authority to contract to convey, this contract was not enforceable against Mrs. Kanaman. This, in our opinion, is a matter of legislation, and not of judicial construction, for neither this statute nor any other in force at the time with which we are dealing in any wise purported to invest a married woman with authority to contract to convey her separate real estate, or to make such a contract binding upon her. Such has been the uniform rule of decision in this court. If there is inconsistency in the legislative grant of her authority to convey her real estate, and the denial of her power to bind herself by contract to convey it, it lies in the statute, which is the chart of this court upon the subject. If it were necessary, the reasons might be stated which probably influenced the Legislature to enact the statute in this form; but it is sufficient for us that it was so enacted.

As a bond for title, where the purchase money is paid and possession delivered, conveys the superior title to the land in equity (Wright v. Thompson, 14 Texas, 558) and therefore operates as a species of conveyance. its specific performance may be decreed against the wife where her husband joins in its execution and it is duly acknowledged. So, in virtue of her power to convey, the wife, by following the statutory method, may mortgage her separate real estate, the mortgage being in such cases sustained as another kind of conveyance. Likewise, when properly joined by her husband, she may convey such property by means of a power of attorney. Patton v. King, 26 Texas, 686, 84 Am. Dec., 596. But in all such cases the transactions are upheld because the instruments operate as "conveyances" of her title or an interest in it.

That such is the rule is plainly announced in City of San Antonio v. Grandjean, 91 Texas, 430, 41 S. W., 477, in the following language:

"Under our law a married woman's separate property is hers in her own right. This right, except where restrained by statute, carries with

it the power of alienation. Under the first section of the Act of April 30, 1846 (Paschal's Digest, art. 1003), which applied to 'the land, slaves and other effects, the separate property of the wife,' it was held that the wife, with the consent of her husband, might make a sale of her personal property without formality, provided the contract was not made in writing. Ballard v. Carmichael, 83 Texas, 355, 18 S. W., 734. Our present statute upon the subject applies to her real estate only. R. S., art. 635 (now art. 1114, R. S., 1911). Under that article, it was held by the former Court of Appeals, correctly, as we think, that she could convey her personal property without privy examination and acknowledgment. *By the word 'conveyance,' as used in the article last cited, is meant an instrument which purports to transfer the title of the wife to some other person natural or artificial, etc.*"

It is also clearly stated in Kellett v. Trice, 95 Texas, 160, 66 S. W., 51, as follows:

"The power to convey does not, therefore, enable her to contract generally with reference to her separate property, *but only to dispose, in whole or in part of her title;* and the only operation which her conveyances have is to pass such title or some interest in it. Wadkins v. Watson, 86 Texas, 194, 22 L. R. A., 779, 24 S. W., 385."

We do not regard the question as an open one, and the judgments of the District Court and the Court of Civil Appeals are therefore affirmed.