**COLLETT et ux. v. HARRIS.    (No. 661.)**

(Court of Civil Appeals of Texas. Beaumont. March 26, 1921. Rehearing Denied April 13, 1921.)

1. **Homestead ⬳118(2)—Husband and wife ⬳187—Broker charged with knowledge that wife's parol contract to sell separate property which was homestead was invalid.**

Where a wife, when requested by broker to join her husband in signing contract to sell a lot which was her separate property and also the homestead of herself and husband, refused to do so, but authorized her husband to sign it, the broker was charged with notice of the fact that her parol contract to sell was an absolute nullity.

2. **Homestead ⬳131—Husband and wife ⬳187—No cause of action upon wife's contract to convey, disaffirmed by her.**

Under Acts 33d Leg. (1913, c. 32 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, 4624), a wife who had verbally agreed to convey her separate property and homestead of herself and husband could refuse to do so, and no cause of action could be based upon her void parol promise to execute such a conveyance.

3. **Homestead ⬳131—Husband and wife ⬳201—Married woman may repudiate even her written contract to convey separate property or homestead.**

Under Acts 33d Leg. (1913) c. 32 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, 4624), even if a married woman had made a contract in writing, properly acknowledged, to convey a lot which was her separate property and the homestead of herself and husband, she could not be bound thereby, for she could repudiate and refuse to comply with it up to the time she declared to the officer taking her acknowledgment that she did not wish to retract, as she could not legally contract beforehand in regard to her right to retract so as to deprive herself of that right.

4. **Husband and wife ⬳146—Husband not liable to broker where wife refuses to carry out contract to sell homestead which is her separate property.**

Where a broker, when he secured husband and wife's contract to sell a lot, knew that it was then homestead and her separate property, the husband, who, although his wife refused to convey, was ready and willing to make conveyance as far as he could, was not liable in damages to the broker for his wife's failure to carry out his undertaking.

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by Elmer W. Harris against Forest Collett and wife. From judgment for plaintiff, defendants appeal. Reversed and rendered.

Collins, Morris & Barnes and Geo. C. O'Brien, all of Beaumont, for appellants.

Thos. N. Hill, of Beaumont, for appellee.

---

O'QUINN, J. Elmer W. Harris brought this suit against Forest Collett and Camile Collett, his wife. The plaintiff's petition alleged that he was a real estate agent engaged in the business of buying and selling real estate on commission; that defendants placed with him lot No. 4 in block 40 of the Arlington addition to the city of Beaumont for sale at a stipulated price, for which plaintiff was to receive $100 as commission; that he procured a purchaser for said property, who was ready, willing, and able to buy same at the price and on the conditions agreed; that defendants refused to carry out said contract of sale and refused to make deed to same. Plaintiff further alleged that at the time he procured said purchaser for said lot, the said purchaser made plaintiff his agent, and employed plaintiff to resell said lot, and that he (plaintiff) procured another purchaser for same at an advance of $500, and which said last purchaser was ready, willing, and able to purchase said property; that by reason of defendants failing and refusing to carry out said contract of sale and to make deed to said lot, the said first purchaser sustained an actual loss of $500, and that by reason of their said breach of said contract, defendants became liable to pay said first purchaser of said lot the said sum of $500; that said first purchaser, prior to the filing of this suit, had transferred to plaintiff the said claim against defendants for said $500, for which he also sued, as well as the sum of $30 for procuring and passing upon an abstract of title to said lot to effect said sale, claiming the sum of $630 for commission and damages resulting from defendants' refusal to carry out the contract of sale, and for which he prayed judgment.

Defendants answered by general demurrer, several special exceptions, a general denial, and specially that the defendant Camile Collett was a married woman, the wife of her codefendant, Forest Collett; that the property in question was the separate property of Mrs. Camile Collett, and was at the time alleged by plaintiff the homestead of defendants; that these facts were known to plaintiff at the time he alleges the contract to have been made and entered into; and specially that defendant Mrs. Camile Collett never at any time nor in any manner contracted with plaintiff to sell her said property.

There was a nonjury trial, which resulted in a judgment against both defendants for the sum of $230, from which they have appealed.

Upon motion of defendants, the court filed his findings of fact and conclusions of law. He found that defendant Forest Collett, by memorandum of writing, employed plaintiff as agent to find for him a purchaser for lot 4 in block 40 of the Arlington addition to the city of Beaumont; that plaintiff found a purchaser for said lot, who was ready, willing, and able to buy same at the price agreed; that said lot was the separate property of defendant Camile Collett, wife of Forest Collett, and that plaintiff knew that fact at the time it was listed with him for sale; that at the time Forest Collett signed the memorandum in question, plaintiff requested Camile Collett to sign same, and she refused to do so, but authorized her husband to sign same, and he did so in her presence, but that he signed his name only, and not his wife's name; that said Camile Collett's name was not signed to said instrument; that the said property, at the time of signing of said memorandum by Forest Collett, was the homestead of defendants, which fact was known to plaintiff, but that said homestead consisted of two lots, and that defendants expected to make the adjoining lot their home after selling the lot No. 4; that after plaintiff had made the sale of the lot, Forest Collett was willing to carry out his agreement with plaintiff and offered to make deed himself, but that Camile Collett refused to execute any deed.

Appellants have assigned various errors, but as we construe the law and facts, there are but two questions for us to determine.

[1] The facts, as found by the court, show that at the time the contract was made, appellee knew that Camile Collett was a married woman and the wife of Forest Collett, and that the lot in question was the separate property of Camile Collett, and also a part of their homestead. Knowing that Camile Collett was a married woman, and that the lot was her separate property, and also the homestead of defendants, the law charged appellee with notice of the fact that her parol contract to sell it was an absolute nullity. Cross v. Everts, 28 Tex. 524; Stone v. Sledge, 87 Tex. 49, 26 S. W. 1068, 47 Am. St. Rep. 65; Owens v. Land Co., 11 Tex. Civ. App. 284, 32 S. W. 189, 1057; Krebs v. Popp, 42 Tex. Civ. App. 346, 94 S. W. 115; Daniel v. Mason, 90 Tex. 240, 38 S. W. 161, 59 Am. St. Rep. 815; Jackson v. Carlock, 218 S. W. 578; Blakeley v. Kanaman, 107 Tex. 206, 175 S. W. 674; Kellett v. Trice, 95 Tex. 160, 66 S. W. 51.

[2] The findings of fact further show that no fraud was perpetrated on appellee, and that he was not misled about anything or by anything unless it was the parol promise to convey the lot, made by Camile Collett (if the findings of fact by the court, wherein he finds that at the time the memorandum in question was signed by Forest Collett, appellee requested Camile Collett, to sign same, but that she declined to do so, and authorized her husband to sign said contract and memorandum, and same was signed by him in her presence and with her assent, but that he only signed his name to the agreement and did not sign his wife's name), could be construed into a promise to convey, and which she subsequently refused to do. Even if the facts shown

(that she simply assented to her husband signing a contract to sell her separate property, she declining to do so) could be construed into a verbal agreement on her part to convey the lot, still, under the law, she had the right at any time, before she signed and acknowledged a deed conveying her separate property, to refuse to do so, and therefore appellee cannot base a cause of action upon her void parol promise to execute such conveyance. Jackson v. Carlock, 218 S. W. 582; Cross v. Everts, 28 Tex. 523; Daniel v. Mason, 90 Tex. 240, 38 S. W. 161, 59 Am. St. Rep. 815; Blakeley v. Kanaman, 107 Tex. 206, 175 S. W. 674; Jones v. Goff, 63 Tex. 253.

In Cross v. Everts, supra, the husband and wife made a parol contract to convey the homestead which the wife subsequently refused to carry out, and it was held that such refusal gave no cause of action against her, and the court used the following language:

"In this case there is no fraudulent misrepresentation, no concealment, no deceit, no fraudulent imposition; nothing but a refusal to comply with an absolutely void promise to convey her homestead, which the appellant knew Mrs. Everts had a legal right to retract at any time, even up to the last moment before it was consummated. However reprehensible in morals this failure to make good her promise may be, it is not fraudulent either in fact or in law, and gives to the appellant no right of action against her."

It is contended by appellee that under what is known as the Married Woman's Act of 1913 (Acts 33d Leg. c. 32, Vernon's Sayles' Civ. St. arts. 4621, 4622, 4624), Camile Collett, although a married woman, had the sole right of management, control, and disposition of her separate property, and had the right to enter into an executory contract for its sale, and having entered into such contract in writing (the record shows she did not sign the contract), was bound by its terms, insisting that said law confers upon the wife the power to make such contracts and authorizes suits upon such contracts. He refers us to the case of Williams v. Doan, 209 S. W. 761, as supporting his contention. The holding in that case is largely in conflict with the holding of the Supreme Court in the case of Red River National Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923, and Jackson v. Carlock, 218 S. W. 578, in which latter case the Supreme Court has denied a writ of error. In the Doan Case it was held that where a married woman, without being joined by her husband, made a contract to pay a real estate broker a commission for effecting a sale of her separate estate, and the broker had performed that service, and she, joined by her husband, had sold and conveyed the property to the purchaser procured by the broker, the latter was entitled to maintain an action against her for his commission earned in pursuance of the contract with her. We do not regard that case as analogous to the case at bar on the facts, and, besides, some of the expressions are in conflict with decisions which had been previously rendered by other Courts of Civil Appeals, and also by the Supreme Court, in the case of Bank v. Ferguson, supra. Since the decision in the Doan Case, that case has been reviewed by the Court of Civil Appeals at Austin, Chief Justice Key writing the opinion, in the case of Jackson v. Carlock, supra, involving the same questions as the instant case. Construing the Married Woman's Act in the light of the Supreme Court's opinion in the Ferguson Case, he said:

"It is very clear, we think, as in effect stated by Judge Phillips, that the proviso in reference to the conveyance and incumbrance of the wife's real estate constitutes a limitation upon the previous portion of the statute, which declares that during marriage the wife shall have the sole disposition of her separate property. Prior to that time a married woman could not convey her separate estate unless her husband joined in the conveyance, and her separate acknowledgment was taken by an officer, and the proviso under consideration expressly declares that 'the joinder of the husband in the manner now provided by law for the conveyance of separate real estate of the wife shall be necessary to an incumbrance or conveyance by the wife of her lands. * * *'

"As we construe the two provisos referred to, the act leaves the law as it was before in reference to the sale and incumbrance of the separate real estate of the wife, with only one exception, which * * * is that if the husband refused to join in a conveyance or incumbrance of the wife's separate property, the wife may, but no one else can, procure an order of court permitting her to convey or incumber the property without her husband joining therein."

[3] In this case, as in the Jackson Case, the record shows that the wife, instead of seeking to consummate the sale of her separate property, real estate, was repudiating the contract referred to. It also appears from the finding of the court, in the instant case, that the defendant Camile Collett did not enter into a contract in writing, but if she had done so and properly acknowledged same, she could not be bound thereby, for the statute regulating the conveyance of a married woman's separate property is just as imperative as to her separate acknowledgment as the statute regulating the sale of a homestead, and by force of this statute, a married woman has the right to repudiate and refuse to comply with her previous contract, whether oral or written, up to the time she declares to the officer who takes her acknowledgment that she does not wish to retract it. She cannot legally contract beforehand in regard to her right to retract, so as to deprive herself of that right. Goff v. Jones, 70 Tex. 572, 8 S. W. 525, 8 Am. St. Rep. 619; Jackson v. Carlock, 218 S. W. 582. The law provides that the homestead, wheth-

er the separate property of either the husband or the wife, or the community property of both, shall not be disposed of except by their joint conveyance. The lot in question was the separate property of Camile Collett, and also the homestead of defendants, and could be conveyed only by the act of both defendants in the manner required by law.

[4] We come now to consider whether appellee had any right of action against Forest Collett on the memorandum of contract signed by him for the sale of his wife's separate property, which was also the homestead of defendants.

In the case of Krebs v. Popp, 42 Tex. Civ. App. 346, 94 S. W. 115, it is held that where a husband, with the consent of his wife, contracts to sell the homestead, but the wife subsequently refused to join in the conveyance, the vendee is entitled to damages as against the husband. But this, evidently, is where the homestead is community property, or the husband's separate property, and not the separate property of the wife, for, as we have seen, any agreement made by the wife or the husband and wife together, to sell the separate property of the wife, is unenforceable and void. Blakeley v. Kanaman, 107 Tex. 206, 175 S. W. 674; Jackson v. Carlock, 218 S. W. 578; Billingsly v. Swenson Land Co., 58 Tex. Civ. App. 67, 123 S. W. 194. As under the law the husband has not the management nor control of his wife's separate real estate, but must join her in conveying same, and in this case, the property being the separate property of the wife, which fact was known to appellee at the time he made the contract of sale, and the husband, Forest Collett, being willing and offering to make conveyance as far as he could, but his wife refusing to do so, he is not subject to respond in damages for the failure of his wife to carry out his undertaking.

Appellee knew at the time he entered into the contract with Forest Collett that the lot was the separate propery of Camile Collett, and also that it was the homestead of appellants, and that Camile Collett refused to sign the contract. That being true, the law charged appellee with the knowledge that neither the separate property, real estate, of the wife, nor the homestead of appellants, if it had not been her separate property, could be conveyed without the consent of the wife, her consent and voluntary act being the primary element in all such sales, and that her consent must be freely given, without any undue influence by her husband or any others. Any engagement or contract binding the husband, expressly or by implication, to procure such assent, is obnoxious to the policy of the law, and not binding upon him. In contemplation of law, no damage results to vendees from the breach of such contracts; the covenant, so far as it imposes an obligation on the husband to procure the assent of his wife, is

contrary to law, and consequently cannot be made the basis for a suit for damages where the wife refused to carry out the contract, as in law she has the right to do.

We hold, therefore, that the contract being for the sale of the wife's separate property, and appellee knowing that fact, and the contract having been breached by the wife's refusal to carry out the contract, the contract is void, and a suit for damages cannot be maintained against either party. Berlin v. Burns, 17 Tex. 533; Billingsly v. Swenson Land Co., 58 Tex. Civ. App. 67, 123 S. W. 194; Cross v. Everts, 28 Tex. 524; Ley v. Hahn, 36 Tex. Civ. App. 208, 81 S. W. 354; Jackson v. Carlock, 218 S. W. 578.

As the case was fully developed as to the facts in the court below, and believing that there is no liability shown against either of the defendants, we will here reverse and render the judgment that should have been rendered below, that appellee take nothing as against either of the defendants, Camile Collett or Forest Collett, and that said defendants recover of appellee all costs of this court and the court below.

Reversed and rendered.

⬤⟼For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes