**ESTAPA v. SALDANA et ux.**

**No. 11693.**

Court of Civil Appeals of Texas. San Antonio.

March 5, 1947.

Kelley, Looney, McLean & Enochs, of Edinburg, for appellant.

J. F. Carl, of Edinburg, for appellees.

SMITH, Chief Justice.

This is an action of trespass to try title. B. Saldana and wife, by petition filed on June 25, 1946, sought a recovery of title and possession in and to Lots 13 and 14 in Block 237, of the City of Edinburg. Joe

Estapa, who was in possession, was named as defendant.

Estapa relied upon a pleaded written contract, dated February 4, 1944, whereby the Saldanas leased the property involved for a two-year period, beginning on March 1, 1944, and ending on February 28, 1946.

This agreement contained the following paragraph: "If the Second Party (Estapa) shall determine at any time after he shall have paid the $1500.00 rental for the two year period (and before the expiration of said two years), to purchase the said property outright, he shall notify First Party and First Party agree to convey the same to Second Party, his heirs, assigns, or nominees, and by general warranty deed. And will furnish abstract showing a good merchantable title thereto. But the $1500.00 rental so to be paid by March 1, 1944, has nothing to do with, and forms no part of the $8,500.00 to be paid for said property, if Second Party should decide to exercise his option herein granted to buy said property."

According to the pleadings, this agreement was duly acknowledged by Mrs. Clotilde Saldana in accordance with the provisions of Article 6605, Vernon's Ann.Civ. Stats.

By supplemental petition, Mrs. Saldana pleaded her coverture and asserted that the lots involved were a part of her separate property and estate.

At the conclusion of the evidence, the following took place, according to the recitations of the judgment: "* * * the plaintiffs then and there in open Court, moved the Court to withdraw said cause from the jury and to render judgment for the plaintiffs, because the undisputed evidence shows that the real estate involved in this suit is the separate property of the plaintiff, Clio G. de Saldana, and the contract to convey same is an executory contract of a married woman to convey her separate property, and as such, is unenforcible against her; thereupon the Court granted said motion, withdrew the case from the consideration of the jury, discharged said jury, and rendered judgment for the plaintiffs.'"

No one contends here that the trial court's finding that the property was part of the separate estate of Mrs. Saldana is not in accordance with the undisputed evidence. It is argued that as the contract involved was duly executed and acknowledged by both husband and wife, it is valid and enforcible against the wife under the provisions of the Married Woman's Act of 1913, Article 4614, Vernon's Ann.Civ. Stats.

We think it apparent that under the provisions of the contract above quoted, title did not pass to Estapa at the time of the execution of the agreement. The agreement was not a conveyance, but a covenant to convey provided Estapa decided to exercise his option.

A married woman's executory contract to convey her separate real property is not subject to enforcement by way of specific performance. Estapa's defense therefore fails. As to enforcibility, there is a statutory distinction between a married woman's executory contract to convey her real property and other species or kinds of married woman's contracts. Articles 1299, 4614, 6605, 6608, Vernon's Ann.Civ.Stats.; Blakely v. Kanaman, 107 Tex. 206, 175 S.W. 674. In the cited case it was held in view of the provisions of Article 1114, R.S. 1911 (Article 1299, R.S.1925), a married woman had no authority to contract to convey her separate real estate, and hence her contract can not be specifically enforced. While Blakely v. Kanaman was decided prior to the 1913 Act, it has been repeatedly decided that the particular rule of law above stated was not changed or modified by said Act. Red River National Bank v. Ferguson, 109 Tex. 287, 206 S.W. 923; Jackson v. Carlock, Tex.Civ.App., 218 S.W. 578; Scarborough v. Payne, Tex. Civ.App., 198 S.W.2d 917. In the recent case of Sutton v. Shanley, Tex.Civ.App., 192 S.W.2d 567, 572, it was said: "Being a married woman and the property being her separate estate, she (Mrs. Shanley) could not bind herself until she, joined by her husband, executed a deed, acknowledged it as required by law and delivered the same or placed it beyond her control."

The judgment appealed from is affirmed.