**John S. CARROLL, Jr., et ux.,
Appellants,**

**v.**

**Allen J. WIED et ux., Appellees.**

**No. 1293.**

Court of Civil Appeals of Texas,
Corpus Christi.

Sept. 22, 1978.

H. William Schneider, James A. Bouligny, Duckett, Bouligny & Collins, El Campo, for appellants.

Richard L. Manske, El Campo, for appellees.

## OPINION

YOUNG, Justice.

Appellants, John S. Carroll and his wife, Geraldine M. Carroll, appeal from a judgment granting specific performance to the appellees, Allen J. Wied and his wife, Susan D. Wied, in connection with a contract for the sale of realty wherein the Carrolls were the sellers and the Wieds were the purchasers. We affirm.

The entire record on appeal is found in the transcript; there is no statement of facts. The transcript includes the pleadings of the parties, a document entitled "First Amended Agreed Statement of Facts", the judgment, findings of fact and conclusions of law, two trial briefs, and other documents not material to this appeal.

Our first question is to determine whether this is an agreed case under Rule 263, T.R.C.P. In support of a determination that this is an agreed case, the document's title exactly follows the language used in Rule 263 and the trial judge both signed and approved the statement, as required by Rule 263. This was done more than one month prior to trial. The findings of fact exactly duplicate the agreed statement of facts and explicitly provide that "the only evidence presented during the trial of the case for the court's consideration was that appearing in the first amended agreed statement of facts filed in said cause signed by both parties . . ." The findings of fact were signed and approved by the court and also signed and approved by the attorneys for both the appellant and the appellee. Under these circumstances, we find the document filed herein constitutes an agreed case provided for in Rule 263. See *Scott v. Slaughter,* 97 Tex. 244, 77 S.W. 949 (1904); *Perry v. Aetna Life Insurance Company of Conn.,* 380 S.W.2d 868, 875 (Tex.Civ.App.—Tyler 1964, writ ref'd n.r.e.); *Chickasha Milling Co. v. Crutcher,* 141 S.W. 355, 356 (Tex.Civ.App.—Texarkana 1911, no writ). Where a case is tried on an agreed statement, on appeal the appellate court will consider only those matters which are incorporated in the statement and the judgment. Rule 263, T.R.C.P., *Cousins v. Cousins,* 42 S.W.2d 1043 (Tex.Civ.App.—Amarillo 1931, writ ref'd).

The facts as presented in the agreed case show that on February 21, 1975, the plaintiffs and defendants signed a standard sales contract for property located in El Campo, Texas. The agreed purchase price was $32,000. The contract was qualified by language that the contract was contingent upon the purchasers' being able to secure a loan in the amount of $25,600 from a lending institution or other source. The contract, however, contained no time or dates for performance.

Marvin Trochta was the listing realtor for the appellants but Florence Comstock Gage was the realtor who obtained the ap-

pellees' offer to buy and secured the execution of the contract. The appellees tendered to Ms. Gage the amount of $1,000. Ms. Gage placed this money into her escrow account at a bank in El Campo, Texas. And, at no time were the appellants tendered the $1,000 escrow sum.

On March 11, 1975, the appellants sent a letter to the appellees which read as follows:

"The contract of sale which you signed on February 21, 1975, has not been performed by you. I am therefore terminating this contract effective immediately."

The appellees received this termination letter on March 13, 1975. When the appellants gave notice of termination of the contract, the appellees had not yet fulfilled the contingency about the loan provided for in the contract.

After the appellees received notice of termination and the repudiation by the appellants, they notified Ms. Gage that they intended to attempt specific performance of the contract. And, on March 18, 1975, the appellees' attorney notified the appellants that they would be demanding specific performance of the contract.

On April 29, 1975, the appellees sued the appellants requesting specific performance of the contract. They rely on a provision in the contract which states:

"If any title objections are made, then the Seller or his Agent shall have a reasonable time to cure said objections and show good and marketable title. In the event of failure to furnish good and marketable title, the purchase money hereby receipted for is to be returned to Purchaser upon the cancellation and return of this contract, or Purchaser may enforce specific performance of same."

Compare *Nelson v. Jenkins*, 214 S.W.2d 140, 144 (Tex.Civ.App.—El Paso 1948, writ ref'd).

Based on these facts the trial judge made the following conclusions of law:

"1. The plaintiffs and defendants entered into a contract of sale for real estate on February 21, 1975.

2. The contract of sale was not an option to purchase.

3. Defendants breached the contract of sale.

4. Plaintiffs are entitled to specific performance under the terms of the contract."

Appellants bring forward three points of error. The first point contends that the trial court erred in finding the agreement was an enforceable contract of sale rather than an option to purchase. Appellants' argument is simply this: the wording "contingent upon purchasers being able to secure a loan" renders the agreement an option with a condition precedent rather than a sales contract. We agree that the quoted language creates a condition precedent. *Willeford v. Walker*, 499 S.W.2d 190 (Tex. Civ.App.—Corpus Christi 1973, no writ). But this language does not determine whether the agreement constitutes an option to purchase as opposed to a sales contract.

■ In a contract of sale, one party is obligated to sell and the other to purchase; in an option there is conferred a right to purchase if there is an election to do so. *White v. Miller*, 518 S.W.2d 383 (Tex.Civ. App.—Tyler 1974, writ dism'd); 58 Tex. Jur.2d, Vendor and Purchaser § 58 (1964).

■■ We think it was the clear intention of the parties to enter into a contract of sale rather than into an option to purchase agreement. Appellant has not directed us to any provision which indicates that the appellees could complete or ignore the contract at their pleasure. Compare *Tate v. Morris*, Graham & Morris, 248 S.W. 797, 800 (Tex.Civ.App.—Fort Worth 1923, no writ). Furthermore, ordinarily time is of the essence in an option and is not of the essence in a contract to sell and purchase real estate. *Copeland v. Bennett*, 243 S.W.2d 264 (Tex.Civ.App.—El Paso 1951, no writ). The contract herein did not specify any time for performance, and there is no indication in the record that the time was intended to be of the essence. In light of the above, we overrule appellants' first point.

Appellants' second and third points contend the court erred in finding that the appellants breached the contract of sale. In sum, appellants argue first that there can be no breach of contract and resulting specific performance because the condition precedent had not been completed, and secondly, that the twenty days between the signing of the agreement and the notice of intent to repudiate the contract was a reasonable time and did not cause a breach of contract.

We disagree with the argument that there can be no breach of contract before the condition precedent is fulfilled. The provision making the contract contingent upon the appellees' securing a loan without a specified time limit created an implied contractual provision that the appellees would pursue their application for a loan diligently and would be allowed a reasonable time within which to secure it. *Nelson v. Jenkins, supra; Willeford v. Walker, supra;* 58 Tex.Jur.2d Vendor & Purchaser § 161 (1964). The appellants' repudiation of the contract, constituted an anticipatory breach of the implied condition of the contract providing for a reasonable time to obtain financing. 13 Tex.Jur.2d Contracts § 309 (1960). Thus, appellees did not need to complete the condition precedent in order to sue for specific performance. *Corzelius v. Oliver,* 148 Tex. 76, 220 S.W.2d 632, 635 (1949); *Copeland v. Bennett, supra.*

We find no error in the trial court's decision that the appellant breached the contract by repudiating it twenty days after it was signed. Ordinarily the question of what constitutes a "reasonable time" is a question of fact to be determined from the circumstances. *Hall v. Hall,* 158 Tex. 95, 308 S.W.2d 12 (1957); *Shields v. Dunlap,* 174 S.W.2d 642 (Tex.Civ.App.— Eastland 1943, no writ). But where the facts are undisputed, as here, the issue of what is a reasonable time for performance is a question of law for the court. *Ridglea Interests, Inc. v. General Lumber Company,* 343 S.W.2d 490 (Tex.Civ.App.—Fort Worth 1961, writ ref'd n.r.e.). In considering the facts as presented, we find no error in the trial court's holding that the appellants breached the contract of sale herein by repudiating the contract within twenty days of its signing.

In appellants' second point they also argue that there was no enforceable contract because they received no consideration for the contract. The appellants contend that because neither they nor their listing agent received the $1,000 escrow funds that no enforceable contract was entered. We disagree. Upon the signing of the contract, both parties undertook certain obligations, i. e., appellees impliedly promised to make diligent application for a loan and to take the proper steps reasonably necessary to close the purchase and the appellants impliedly promised to wait a reasonable time for the appellees to secure a loan and to convey good title upon proof of that loan. See *Langley v. Norris,* 141 Tex. 405, 173 S.W.2d 454, 458 (1943). *Nelson v. Jenkins, supra.* The exchange of obligations constitutes sufficient consideration. 13 Tex.Jur.2d Contracts § 52 (1960). Appellants' second and third points are overruled.

The judgment of the trial court is affirmed.