## CENTRAL POWER & LIGHT CO. v. MATHERS et al.

No. 2931.

Court of Civil Appeals of Texas. Waco.
Nov. 22, 1950.
After Filing and Entry of Remittitur
Dec. 7, 1950.

James M. Wilson, H. K. Howard, Corpus Christi, for appellant.

John W. Bartram, Jack Wiech, Brownsville, for appellee.

TIREY, Justice.

Appellant brought this condemnation proceeding for the purpose of securing an easement twenty feet in width on which to build an electric transmission line over three separate tracts of land in Cameron County of 42.3 acres, 54.8 acres and 254.14 acres respectively. In each proceeding the respective property owner filed his objections and exceptions to the award of the special commissioners and the cause was appealed to the County Court at Law of Cameron County and there the causes were consolidated and tried in that court without the aid of a jury. The judgment of the trial court awarded the property owners certain damages on each respective tract, and also awarded to appellant an easement over and

upon said land and appellant has appealed because of the amount of the award for damages to each respective tract. At the request of appellant the court filed findings of fact and conclusions of law. We quote the pertinent parts.

"Findings of Fact

"* * * 3. This is a suit brought in condemnation for right-of-way for electric transmission lines, the plaintiff being a public utility authorized to bring such class of suit, and this court has jurisdiction of the cause.

"4. The easements sought by plaintiff across defendants lands are for an electric power line and for an extension of existing lines beginning on the western side of the City of Brownsville, outside of the city limits, and going around on the southern side of the City of Brownsville, and then cutting across the lands of defendants, to end on the banks of the Rio Grande River, where power is sold to the City of Matamoros in the Republic of Mexico. There are a substantial number of users on said line for a large portion of its length, though for the last approximately one mile of the transmission line there are no users on it, and none on it where it crosses the Mathers land, except at its termination where power is delivered to the City of Matamoros.

"5. The award by the Commissioners is insufficient.

"6. Defendants established by competent testimony that the tract of 0.51 acre for right-of-way in Cause No. 7726, was worth the reasonable sum of $300.00 per acre prior to the taking, and was worth the sum of $75.00 per acre after the taking for the right-of-way; the market value of the remaining 41.79 acres of land in Cause No. 7726 was decreased $2.00 per acre after the acquisition of such right-of-way; the damage suffered by defendants in Cause No. 7726 on the basis above set out is $114.75 for the 0.51 acre of right-of-way, and $83.58 for the $2.00 per acre resulting damage, or a total in Cause No. 7726 of $198.33.

"7. Defendants established by competent testimony that the tract of 0.22 acre for right-of-way in Cause No. 7727, was worth the reasonable sum of $300.00 per acre prior

to the taking, and was worth the sum of $75.00 per acre after the taking for the right-of-way; the market value of the remaining 54.58 acres of land in Cause No. 7727 was decreased $2.00 per acre after the acquisition of such right-of-way; the damage suffered by defendants in Cause No. 7727 on the basis above set out is $49.50 for the 0.22 acre of right-of-way, and $109.-16 for the $2.00 per acre resulting damage, or a total in Cause No. 7727 of $158.66.

"8. Defendants established by competent testimony that the tract of 1.87 acres for right-of-way in Cause No. 7728, was worth the reasonable sum of $400.00 per acre prior to the taking, and was worth the sum of $75.00 per acre after the taking for the right-of-way; the market value of the remaining 252.27 acres of land in Cause No. 7728 was decreased $4.00 per acre after the acquisition of such right-of-way; the damage suffered by defendants in Cause No. 7728 on the basis above set out is $608.75 for the 1.87 acres of right-of-way, and $1009.08 for the $4.00 per acre resulting damage, or a total in Cause No. 7728 of $1617.83.

"Conclusions of Law.

"That the plaintiff is entitled to condemn for right-of-way for electric power and transmission lines, the lands of defendants involved in the three consolidated causes of action.

"2. That the award of the commissioners was insufficient; and the defendants are entitled to total damages of $198.33 in Cause No. 7726, including both actual damage of land condemned and resulting damage to the remaining acreage; and the defendants are entitled to total damages of $158.66 in Cause No. 7727, including both actual damage of land condemned and resulting damage to the remaining acreage; and the defendants are entitled to total damages of $1617.83 in Cause No. 7728, including both actual damage of land condemned and resulting damage to the remaining acreage."

■ Appellees' fourth counter point assails the judgment of the trial court in granting appellant an easement and right-of-way for an electric transmission line over and across appellees' land and says in

effect that the evidence is insufficient to bring this consolidated cause within the provisions of the statute and the decisions of our court construing the same. We overrule this contention. We have reviewed the evidence and we think it is ample to sustain the trial court's judgment in awarding the easement. See Housing Authority of City of Dallas v. Higginbotham, 135 Tex. 158, 143 S.W.2d 79, 130 A.L.R. 1053; Texas & N. O. R. Co. v. Schoenfeld, 136 Tex. 173, 146 S.W.2d 724; Arcola Sugar Mills Co. v. Houston Lighting & Power Co., Tex.Civ. App., 153 S.W.2d 628, N.R.E.; West v. Whitehead, Tex.Civ.App., 238 S.W. 976, writ ref.; Wise v. Abilene Water Co., Tex. Civ.App., 261 S.W. 549, writ dis.; Arts 1107, 1433, 1436, Vernon's Ann.Civ.Stats.; 29 C.J.S., Eminent Domain, § 31, page 824; Shedd v. Northern Indiana Public Service Co., 206 Ind. 35, 188 N.E. 322, 90 A.L.R. 1032.

Appellant in its brief assails the award of damages to each of the tracts and as grounds therefor says substantially that there is no evidence to support the trial court's finding that the market value of the remainder of the 42.3 acre tract outside of the easement strip was diminished to the amount of $2.00 per acre after the acquisition of the easement (the same point is made with reference to each of the other two tracts except that the court found that the market value was diminished $4.00 per acre on the 254.14 acre tract); that the evidence is insufficient to support the court's findings in each of the foregoing matters; that there is no evidence to support the trial court's finding as to the market value of the easement strip across the 42.3 acre tract before the acquisition of said easement (the same point is made with reference to each of the other two tracts); that the evidence is insufficient to support the court's findings in each of the foregoing matters; that there is no evidence to support the trial court's finding as to the market value of the easement strip across the 42.3 acre strip after the acquisition of said easement (the same point is raised with reference to each of the other two tracts); and that the evidence is insufficient to support the court's findings in each of the foregoing matters. The judg-

ment is further assailed on the ground that the amount of damages awarded to the property owners of the 42.3 acre tract is excessive. This same complaint is lodged against the judgment with reference to each of the other two tracts.

We have carefully reviewed all of the testimony adduced in this cause and with reference thereto we find that such testimony is sufficient to sustain the finding of the trial court in respect to Cause No. 7726, wherein the court found that the 0.51 acre tract for right-of-way was worth the reasonable sum of $300 per acre prior to the taking, but we find that the evidence is insufficient to sustain the finding of the trial court that such tract was worth the sum of $75 per acre after the taking for the right-of-way; and being of such view we further find that the evidence is insufficient to sustain the trial court's finding that defendant suffered damages to the extent of $114.75 to said 0.51 acre. We further find that the evidence is sufficient to sustain the finding that the market value of the remaining 41.79 acres was decreased to the amount of $2 per acre after the acquisition of the right-of-way and that the defendant suffered damages in this behalf to the amount of $83.58. We further find that the total award of damages of $198.33 made by the trial court in behalf of defendants in Cause No. 7726 is excessive to the amount of $114.75.

With reference to the court's finding No. 7 in Cause No. 7727, we find that the evidence is sufficient to support such finding to the effect that the 0.22 acre for right-of-way was worth the reasonable sum of $300 prior to the taking, but that the evidence is insufficient to sustain the trial court's finding that such tract was worth the sum of $75 per acre after the taking for the right-of-way; and being of such view we further find that the evidence is insufficient to sustain the trial court's finding that defendant suffered damages to the extent of $49.50 to said 0.22 acre. We further find that the evidence is sufficient to sustain the finding that the market value of the remaining 54.-58 acres was decreased to the amount of $2 per acre after the acquisition of the right-of-way and that the defendant suf-

**924**

fered damages in this behalf to the amount of $109.16. We further find that the total award of damages of $158.66 made by the trial court in behalf of defendants in Cause No. 7727 is excessive to the amount of $49.50.

With reference to the court's finding No. 8 in Cause No. 7728, we find that the evidence is sufficient to support such finding to the effect that the 1.87 acres for right-of-way was worth the reasonable sum of $400 per acre prior to the taking, but the evidence is insufficient to sustain the trial court's finding that such tract was worth the sum of $75 per acre after the taking for the right-of-way; and being of such view we further find that the evidence is insufficient to sustain the trial court's finding that defendant suffered damages to the extent of $608.75 to said 1.87 acres. We further find that the evidence is sufficient to sustain the finding that the market value of the remaining 252.27 acres was decreased to the amount of $4 per acre after the acquisition of the right-of-way and that the defendant suffered damages in this behalf to the amount of $1009.08. We further find that the total award of damages of $1617.83 made by the trial court in behalf of defendants in Cause No. 7728 is excessive to the amount of $608.75.

In making these findings we recognize the established rule to the effect that if there is any evidence in the record to sustain findings of the trial court we cannot make substitute findings. First State Bank of Temple v. Metropolitan Cas. Ins. Co., 125 Tex. 113, 79 S.W.2d 835, 98 A.L.R. 1256 and cases there cited. We also recognize that we are bound by the rule that when the sufficiency of the evidence is challenged that the evidence and all legitimate inferences therefrom must be considered in its most favorable aspect in support of the judgment, excluding all unfavorable and contradictory evidence. See Texas Electric Ry. v. Wooten, Tex.Civ.App., 173 S.W.2d 463, point 1, and cases there cited.

This court being of the opinion that the award of the trial court and the judgment entered thereon in Cause No. 7726 is excessive to the amount of $114.75, and being of the opinion that the award of the trial court and the judgment entered thereon in Cause No. 7727 is excessive to the amount of $49.50, and being of the opinion that the award of the trial court and the judgment entered thereon in Cause No. 7728 is excessive to the amount of $608.75, and that each of these cases constituting this consolidated cause should be reversed for the reason that each award is excessive, it is our duty, under Rule 440, Texas Rules of Civil Procedure, to call the matter to the attention of attorneys for appellees and specify within what time they may file remittitur of the excess pointed out in each of the respective causes.

Accordingly, appellees are given ten days from this date, in Cause No. 7726, in which to file remittitur of $114.75; otherwise, the judgment in this behalf will be reversed and the cause remanded.

Appellees are given ten days from this date, in Cause No. 7727, in which to file remittitur of $49.50; otherwise, the judgment in this behalf will be reversed and the cause remanded.

Appellees are given ten days from this date, in Cause No. 7728, in which to file remittitur of $608.75; otherwise, the judgment in this behlaf will be reversed and the cause remanded.

If such remittitur is filed within the time indicated as to the respective causes, the judgment of the trial court will be reformed and affirmed as herein indicated; otherwise, the judgment of the trial court will be reversed and the cause remanded.

After Filing and Entry of Remittitur

Appellees have filed a joint remittitur in accordance with the opinion of this court handed down on November 22, 1950, and pursuant to the order of this court entered on said date. Accordingly, the judgment of the trial court is reformed in conformity with said remittitur in each of the causes, and, as reformed, is affirmed. All costs of appeal to the date of the filing of the remittitur will be assessed against the appellees in the following proportions: ninety per cent of said costs of appeal are taxed against the appellees in Cause No. 7728 and the remaining ten per cent thereof are adjudged equally against the appellees in Causes Nos. 7726 and 7727.