**STATE of Texas, Appellant,**

v.

**H. H. COFFIELD, Appellee.**

No. 10689.

Court of Civil Appeals of Texas.

Austin.

Oct. 21, 1959.

Jack W. Prescott, W. C. Wallace, Cameron, for appellant.

Camp & Camp, Cameron, for appellee.

ARCHER, Chief Justice.

This is a condemnation suit instituted by the State against H. H. Coffield to condemn six tracts of land for highway purposes. Special Commissioners awarded Coffield $3,306.

On trial before the County Court, without a jury, Coffield was awarded a judgment for damages totaling $10,932.30, and it is from this judgment the appeal is taken.

The appeal is based on four points of error and are that the Court erred in awarding severance damages to the lands remaining in Coffield's tracts of about 800 acres respectively after the taking of the right of way, because there was no evidence to support the Court's finding as to values before and after the taking, and that the Court erred in finding that the market value of a tract of 5.59 acres was $3,893.32 because such amount is excessive and the evidence insufficient to support the finding.

The trial court made and filed findings of fact and conclusions of law. No objection was made to or exceptions taken to such findings of fact and if there is evidence in the record to sustain the findings of the trial court it is our duty to uphold the judgment.

Central Power & Light Co. v. Mathers, Tex.Civ.App., 234 S.W.2d 921, and cases cited therein.

The findings, in part, were:

"* * * 15. The reasonable cash market value of Defendant's condemned 11.011 acres of land, referred to in Paragraph 3 hereof, was $550.55 at the time it was taken for highway purposes.

"16. The reasonable cash market value of Defendant's tract of approximately 800 acres of land, referred to in Paragraph 1 hereof, exclusive of the 11.011 acres taken for highway purposes, was $40,000.00 immediately before the 11.011 acres were taken.

"17. The reasonable cash market value of the remainder of Defendant's tract of approximately 800 acres immediately after the taking of the 11.011 acres for highway purposes was $38,031.57.

"18. The market value of Defendant's two lots, 11 and 13, taken for highway purposes, shown on the recorded plat and referred to in Paragraphs 6 and 7 hereof, was $2100.00 at the time said lots were taken.

"19. The market value of defendant's condemned strip of 5.59 acres, referred to in Paragraph 7 hereof, was $3893.32 at the time said strip was taken for highway purposes.

"20. The reasonable market value of the remainder of Defendant's 44 acre tract referred to in Paragraph 2 hereof, exclusive of the 5.59 acre tract and exclusive of the thirteen lots included in the recorded plat, (but including the house and improvements on the remainder), was $9150.00 immediately before said 5.50 acres was taken.

"21. The reasonable cash market value of the remainder of Defendant's 44 acre tract deferred to in Paragraph 2 hereof, exclusive of the 5.59 acre tract and exclusive of the thirteen lots included in the recorded plat, (but including the house and improvements on the remainder), was $6730.00 immediately after said 5.59 acre tract was condemned."

The statement of facts contains 298 pages and we have read such record and believe that the findings made by the Court find reasonable support.

Appellee Coffield as well as witnesses Hogan and Moehring testified that the large 700 or 800 acre tract had a value of $75 and upwards per acre prior to the taking, and that the small tracts, cut off by the highway, had little or no value except the tract of 54.871 acres would have a value of $25 to $35 per acre.

Moehring testified that he had lived near the property involved for eight years, was in the real estate business and had sold $2,000,000 worth of farm properties, as well as commercial property, and knew the market value of farm and pasture land in the vicinity of Rockdale and that the 800 acre tract, before the construction of the highway as of June, 1958, was from $75 to $100 per acre.

The witness testified as to the value of the other cut off tracts and as to the value of the property subdivided by Coffield at about $22,000; that a house had a value of $9,500 before the construction of the highway in its elevated position; that the cost of fencing would be $750 per mile.

John C. Callahan, testifying for plaintiff as an expert appraiser but who did not have much personal knowledge of land values in the area involved, recited a number of sales of real property and fixed the value of the three small tracts at $550, and that there would be no damage to the remainder of the lands.

Dan Gunn, witness for appellant, testified that the land was worth about $40 per acre and that the value of the remaining land after the taking was worth the same or more.

The evidence does not state the actual acreage in the large tract but estimates that there were from 700 to 800 acres. Defendant's Exhibit 6, a map of the area, was introduced showing the right of way condemned and the tracts of land involved in this suit with acreages marked.

There was testimony as to the value of the rent house and the subdivision; that the house before the taking had a value of $9,500 and after the taking of $3,000. A value was placed on the subdivision at a total of $22,000 and of $3,500 after the taking for the remainder.

As we have stated the record of the testimony is long, 298 pages, and conflicting between witnesses for the plaintiff and for the defendant and difficult to reduce to a brief statement, but the Court however heard all of the evidence and having resolved the issues in favor of the defendant, we would not be justified in disturbing the judgment.

The judgment is affirmed.

Affirmed.