**Lloyd COLVIN, Jr., Appellant,**

v.

**Ray W. BASKETT, Appellee.**

No. 7514.

Court of Civil Appeals of Texas.

Amarillo.

July 6, 1965.

Robinson & Fotheringham, Amarillo, for appellant.

Tom M. Seay, Amarillo, for appellee.

DENTON, Chief Justice.

This suit was filed by Ray W. Baskett, appellee, against Lloyd Colvin, Jr. for damages for the failure of Colvin to pay over to Baskett the sum of $1,050.00, the alleged value of a bag of coins owned by Baskett and sold by Colvin. By cross-action Colvin sued for commissions of $100.00 owed him by Baskett and for the sum of $175.00, the alleged amount of expenses incurred by Colvin in connection with the sale. The trial court, without a jury, rendered judgment for Baskett for $1,050.00 less a $100.00 commission earned by Colvin and denied the other relief sought on his cross-action.

Colvin is a coin dealer engaged in the business of buying and selling rare coins in Amarillo, Texas. Baskett is a coin collector and as such buys and sells rare and uncirculated coins. In the latter part of July or early August of 1963 Baskett listed with Colvin for sale two bags of "Small d Denver" uncirculated pennies. Each bag contained 100 rolls of pennies. On the same day Pat Roberts, a son-in-law of Baskett, listed with Colvin by telephone one bag of the same type of coins. Baskett and Roberts were partners in the deal. Colvin immediately listed three bags of these coins for sale on his nation-wide teletype system. In response thereto a New York coin dealer contacted Colvin and purchased the three bags of coins listed for $1,050.00 each. When Colvin notified Baskett of the sale, Baskett then informed him he had only two bags of coins rather than three. The apparent mistake was made when Colvin understood Baskett had two bags and Roberts had one bag when in fact one of the bags Baskett listed was the one delivered by Roberts. Baskett and Roberts subsequently delivered one bag each to Colvin, and they were in turn delivered to the purchaser. Baskett testified he immediately asked Colvin to go on the teletype and in-

form the purchaser of the mistake and that there were only two bags for sale rather than three. His testimony is Colvin refused to do this. Roberts was paid for the bag of coins he delivered less $50.00 commission. Colvin refused to pay Baskett. It is the value of this bag of coins which Baskett sues for.

Approximately one week after this transaction took place, Colvin and Baskett drove together to Denver, Colorado, to attend the National Coin Show. Baskett took along another bag of the same type of pennies to the show, and it was sold for the same price to Ted Thrush of Lubbock. Baskett and Thrush testified it was bought from Colvin, while Colvin testified it was sold by Baskett. Admittedly, Colvin received no commission on that sale, and it is this commission Colvin sues for in his cross-action. On or about September 10, 1963, London's Coin Dealers of New York, the purchaser of the three bags, notified Colvin they were replacing the bag that was not delivered at a cost of $2,275.00. After giving Colvin credit for $1,050.00, the value of Baskett's bag of coins that were delivered and not paid for by London, London billed Colvin for $175.00 as the balance due on the original three-bag deal. It is uncontradicted Colvin paid this amount to London, and he in turn is seeking this amount together with a commission in his cross-action.

The judgment entered was not supported by appellee's pleadings, and in several instances is contrary to such pleadings. Baskett pleaded he listed two bags of coins to be sold by Colvin as his agent; that on August 2, 1963, Colvin telephoned him that he had sold the two bags for $1,050.00 each and requested Baskett to deliver the coins to him; that Baskett delivered one bag of coins; and that Pat Roberts delivered the other bag a day or so later; that Colvin paid Roberts for the bag he delivered; but failed to pay Baskett for the bag he delivered; that Colvin admitted having received payment for the coins which were delivered by Baskett; after demand for

$1,050.00, less $25.00 commission per bag, Colvin declined to pay Baskett the sum received from the sale of the coins.

The trial court's judgment specifically found Baskett listed two bags of coins with Colvin; that Colvin sold two bags for Baskett; that Baskett delivered only one bag of coins; that Baskett never delivered the second bag of coins; that the price of the coins increased to $2,275.00; that the duty was on the defendant Colvin to mitigate the damages and replace the bag of coins undelivered by Baskett when the price was $1,050.00; that Colvin did not mitigate the damages; and that Colvin was billed and paid $175.00 to make up the deficiency to the third-party purchaser. The trial court then awarded Baskett judgment for $1,050.00 less a $100.00 commission earned by Colvin on the two bags sold; denied Colvin recovery of $175.00 for alleged expenses and attorney's fees.

The evidence, although uncertain and indefinite in several instances, was in conflict in several particulars with both the pleadings and findings of the judgment. The most apparent inconsistencies are: Colvin did in fact sell three bags of coins; Colvin did not receive the payment for the bag of coins delivered by Baskett; Baskett testified he delivered a third bag of coins to Colvin at the Denver coin show; and that Colvin sold it to a Lubbock coin dealer; and the testimony of Baskett that he instructed Colvin to cancel the sale of the third bag when the mistake was discovered.

 It is fundamental that a court's judgment must conform to the pleadings and if it fails to do so it is erroneous. Starr v. Ferguson, 140 Tex. 80, 166 S.W. 2d 130; Moszkowicz v. A. B. Lewis Co., (Tex.Civ.App.), 268 S.W.2d 548, (Refused, NRE); Holley v. Central Auto Parts, (Tex. Civ.App.), 347 S.W.2d 341, (Refused, NRE); Rule 331, Texas Rules of Civil Procedure. It is also settled that proof without pleadings is not sufficient to support a judgment. Shambaugh v. Anderson, (Tex.

Civ.App.), 92 S.W.2d 530, (Dismissed, WOJ). The plaintiff's pleadings simply plead a breach of contract by the failure of Colvin to pay Baskett the value of one bag of coins. There is a total lack of pleadings to support a mutual mistake; Colvin's refusal to follow Baskett's instructions to cancel the order for sale of one bag of coins or to support the trial court's finding that Colvin owed the plaintiff a duty to mitigate his damages. In view of the variances between plaintiff's pleadings, the evidence offered, and the findings of the trial court's judgment, the case must be reversed and remanded.

The judgment of the trial court is accordingly reversed and remanded.