**B. R. WILLEFORD et ux., Appellants,**

**v.**

**Charles Vartan WALKER et al., Appellees.**

**No. 779.**

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 31, 1973.

Rehearing Denied Sept. 24, 1973.

Nicolas & Morris, Pat Morris, Corpus Christi, for appellants.

Alsup & Alsup, Wm. DeWitt Alsup, John W. Hennessey, Corpus Christi, for appellees.

## OPINION

YOUNG, Justice.

This is a dispute arising out of a real estate contract between a vendor and a purchaser over earnest money deposited with a title company. B. R. Willeford and wife, Beth, sued Charles Vartan Walker and San Jacinto Title Company, as stakeholder, for $4,000.00 liquidated damages provided for in an earnest money contract for the sale of Willefords' house to Walker. Walker answered by general denial. The title company, by answer, tendered the earnest money for disposition by the court and requested a reasonable attorney's fee.

The trial was before the court, without a jury. On findings of fact and conclusions of law the trial court rendered judgment that plaintiffs take nothing and that de-fendant Walker be awarded the $4,000.00 earnest money deposit, less $150.00 attorney's fee to the title company. From that judgment the plaintiffs appeal.

Beginning in November 1971, the Willefords and Walker entered into three successive contracts for the purchase by Walker of the Willefords' house. The third contract, made the basis of this suit, was dated February 2, 1972, and provided: $78,000.00 as the total purchase price with cash payment of $28,000.00 and $50,000.00 to be secured by a 30-year Veterans Administration approved loan; sale to be closed within 45 days (later "April 3, 1972" was interlined by the parties and initialed); and an earnest money deposit of $4,000.00 by purchaser with the title company.

The contract of sale was embodied in a printed form of the title company and part of the printed portion reads:

" . . . Should the Purchaser fail to consummate this contract as herein specified for any reason (except (a) title defects, (2) or in the event that Purchaser is unable to perform by reason of his inability to obtain the above named financing, in either event the said earnest money will be refunded to the Purchaser), otherwise, Seller shall be entitled to receive said cash deposit as liquidated damages for the breach of their contract, . . ."

Further, the contract contains a typewritten provision as follows:

" . . . This contract contingent upon Purchaser securing a 30-year VA approved loan in the amount of $50,000.00, if unable to secure same, earnest money will be refunded to Purchaser."

Walker approached at least three loan companies in an attempt to borrow the $50,000.00 provided in the contract. The Lomas & Nettleton Company agreed to fund the loan based upon Walker's financial statement showing anticipated income from a projected lease of a nursing home

owned by Walker. This mortgage company then began to process the loan. On March 8, 1972, the mortgage company received a commitment from the Veterans Administration for a guarantee of the loan to Walker of $50,000.00 for thirty years. The next day, March 9th, the mortgage company issued its closing instructions to the title company. On March 19th, the Willefords and Walker agreed to extend the closing time of the sale until April 3rd. On March 30th, Walker informed Mr. Dennis Berry, loan officer for the mortgage company, that "it looked like" the lease agreement of Walker's nursing home "was going to fall through." After the mortgage company so notified the Veterans Administration, they withdrew the loan commitment. The day following, March 31st, the mortgage company wrote the title company withdrawing the closing instructions which had previously been issued on March 9th. Consequently, the sale could not be closed on April 3rd, and was not closed thereafter, because the loan was never made.

Plaintiffs then filed their petition on June 9th, in which they allege that Walker was able to secure the loan provided for in the contract; that because he was dilatory in consummating the purchase, the Veterans Administration commitment was withdrawn; that such conduct by Walker constituted a breach of the contract of sale; that, therefore, the earnest money became payable to the Willefords.

■ When the Willefords and Walker agreed that their contract was to be contingent upon Walker's securing a loan, such provision constituted a condition precedent. 58 Tex.Jur.2d Vendor and Purchaser § 152 (1964). Unless such loan was obtained, neither the conveyance and payment terms, nor the forfeiture of earnest money provisions became effective. Pena v. Security Title Co., 267 S.W.2d 847 (Tex.Civ.App.— San Antonio 1954, no writ). However, by entering into the contract, Walker impliedly promised to diligently pursue the application for a loan. Nelson v. Jenkins, 214 S.W.2d 140 (Tex.Civ.App.—El Paso 1948, writ ref'd). And if Walker, by words or action, caused the cancellation of the Veterans Administration loan commitment, he cannot recover the earnest money based on failure to obtain a loan. Huckleberry v. Wilson, 284 S.W.2d 205 (Tex.Civ.App.—El Paso 1955, writ dism'd).

■ Appellants, the Willefords, contend in their pleadings and on appeal in their first two points, that Walker was able to secure the loan for $50,000.00, but his dilatory conduct, which amounted to bad faith, caused the cancellation of the loan commitment. The trial court filed findings of fact and conclusions of law. No objection was made or exceptions taken to such findings of fact. So, if there is evidence in the record to sustain the findings of the trial court, it is our duty to uphold the judgment. And all legitimate inferences therefrom must be considered in its most favorable aspect in support of the judgment, excluding all unfavorable and contradictory evidence. Central Power & Light Co. v. Mathers, 234 S.W.2d 921 (Tex.Civ.App.—Waco 1950, no writ); State v. Coffield, 328 S.W.2d 916 (Tex. Civ.App.—Austin 1959, no writ).

■ The trial court found that the loan and commitment were contingent upon Walker's anticipated income from a lease of the nursing home; that the lease was contingent upon renovation of the nursing home; that renovation was contingent upon financing to be obtained (approximately $200,000.00 needed as a result of damage by Hurricane Celia); and that Walker was unable to obtain financing for the renovation of the nursing home. From these findings of the trial court we conclude that as long as Walker was unable to obtain a loan for the renovation he was unable to obtain a loan for the purchase. The cause of the cancellation of the commitment by the Veterans Administration was the unavailability of a renovation loan to Walker at times material to this cause

of action. And the cause of cancellation was not from dilatory conduct of Walker nor from lack of his good faith. We have examined the record and find that there is testimony from Dennis Berry (the mortgage company loan officer), Walker (the appellee) and B. R. Willeford (one of the appellants) to support each of the trial court's findings. Appellants' first two points are overruled.

In their last point, being numbered three, appellants complain that there are no pleadings to support the trial court's judgment in favor of Walker, in that Walker filed only a general denial in answer to the Willefords' petition. Rule 90, Texas Rules of Civil Procedure in part provides:

" . . . Every defect, omission or fault in pleading either of form or substance, which is not specifically pointed out by motion or exception in writing and brought to the attention of the Judge in the trial court . . . in a non-jury case, before the rendition of judgment, shall be deemed to have been waived by the party seeking reversal on such account; . . ."

Rule 67, T.R.C.P. contains in part the following:

"When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings . . ."

The record reflects that the appellants first raised the objection to Walker's pleadings on appeal. No complaint by appellant was made to Walker's answer before trial. At the trial Walker's attorney contended, in his opening statement, for return of the earnest money. His right to so contend was not there disputed by the appellants. During the trial no objection by appellants was made to the evidence on grounds of lack of proper pleadings. In argument to the court, after the parties had closed, Walker's attorney again contended for the return of the earnest money. Neither was his right to so contend there disputed. After the trial appellants made no complaint of Walker's pleadings in a motion for judgment. Moreover, the title company in its answer to the appellants' petition said that it "requests the Court to render a declaratory judgment to determine the ownership of the funds it held in escrow as between the adverse claimants." We hold that the appellants have waived any requirement that Walker's pleadings should contain an affirmative request for the return of the earnest money. We further hold that the issue of ownership of the earnest money was tried by implied consent of the parties. Rules 67 and 90, supra. See 2 McDonald, Texas Civil Practice § 5.18 (1970); 4 McDonald, Texas Civil Practice § 17.27 (1971); Deffeback and Brown, Waiver of Pleading Defects and Insufficiencies in Texas, 36 Tex.L.Rev. 459 (1957–58).

Appellants assert that the cases of Colvin v. Baskett, 392 S.W.2d 804 (Tex.Civ. App.—Amarillo 1965, no writ) and Meador v. Wagner, 70 S.W.2d 794 (Tex.Civ.App. —El Paso 1934, writ dism'd) support their contention of lack of pleadings by Walker. In the *Colvin* case, the court held that pleadings were at variance with the proof and that the proof was at variance with the trial court findings. The pleadings, the proof and the court findings each was inconsistent with the other. In the present case the proof was consistent with the court findings. As for the *Meador* case, it was decided (1934) before the promulgation (1941) of Rules 67 and 90, supra, which rules control the present case. Appellants' point three is overruled.

The judgment of the trial court is affirmed.