Claude HUCKLEBERRY and Robert Haynesworth, Appellants,

v.

John WILSON, Appellee.

No. 5114.

Court of Civil Appeals of Texas.

El Paso.

Sept. 28, 1955.

Rehearing Denied Oct. 26, 1955.

Ellis O. Mayfield, El Paso, for appellants.

Jack L. Brewster, El Paso, for appellee.

HAMILTON, Chief Justice.

This was a suit filed by appellee John Wilson against appellants, Claude Huckleberry and Robert Haynesworth, and against Harlan E. O'Leary, d/b/a O'Leary Realty Company, for the return of $250 earnest money paid by appellee and his wife as part of the purchase price on a residence at 8204 Mt. Everest Road in the city of El Paso, which was owned by appellants. The sales contract was negotiated by O'Leary Realty Company, authorized agent of appellants. The case was tried to a jury, and upon the conclusion of the testimony defendants moved the court to instruct the jury to find for the defendants. The court overruled the motion as to appellants Huckleberry and Haynesworth, but granted the motion

as to defendant Harlan E. O'Leary, and instructed a verdict for the plaintiff John Wilson against the appellants, Huckleberry and Haynesworth. The case is properly here on appeal.

Appellants assign ten points of error, the substance of which is—First, that the court should have granted an instructed verdict for appellants; Second, that the case should have been submitted to the jury on the various issues raised by the evidence. The statement of the facts in the case is as follows:

On the 22nd day of April, 1954, defendant O'Leary Realty Company as authorized agents of appellants Claude Huckleberry and Robert Haynesworth, entered into a contract of sale with plaintiff John F. Wilson and wife, Alice P. Wilson, for the sale of a house located at 8204 Mt. Everest Road, Lot 2, Block 2, Mountain View Subdivision to the city of El Paso, El Paso County, Texas. The sale price was $9,000, $250 of which was paid in cash by Wilson and his wife as earnest money. It was provided in said contract that the sale was subject to purchasers being approved for a G.I. loan in the amount of $9,000. The contract provided that in the event the loan was not approved the earnest money was to be refunded. Soon after the execution of the contract appellee and wife moved into said house. On May 4, 1954, John F. Wilson made a joint application with the Home Mortgage Company of El Paso to the Veterans Administration for the approval by the Veterans Administration of a loan to be made by the Home Mortgage Company of El Paso. In said application it was represented that the property was to be owned by John F. Wilson and Alice B. Wilson jointly, and that it was to be occupied as a home. On about May 24, 1954, and while said application was pending, John F. Wilson and wife contracted to buy another residence in El Paso, and did on the 28th of May close the deal for said residence, and moved into said house on the 29th of May. Defendants were advised by John F. Wilson or his wife that the house in question was unsatisfactory, and that they had purchased another home and had vacated the house in question. Upon being advised of these facts the Home Mortgage Company of El Paso caused the application for approval of the loan by the Veterans Administration to be cancelled, and no approval of said loan was ever obtained from the Veterans Administration. Based on the facts that plaintiff's application for approval of the G.I. loan had never been obtained, plaintiff sued defendants for recovery of the $250 earnest money.

 We overrule appellants' contention that the court should have instructed a verdict for appellants. However, we are of the opinion and do hold that there was ample evidence before the court to submit the case to the jury. As has been held by this court in the case of Nelson v. Jenkins, Tex.Civ.App., 214 S.W.2d 140, by entering into the contract of sale appellee impliedly promised to make application for a G.I. loan and to diligently pursue said application. Furthermore, it has been held that where two parties enter into a contract and the consummation of said contract is dependent upon occurrence of a future event, the promissor should do nothing to prevent the occurrence of such future event. 10 Tex.Jur. pp. 447–448. In other words, in this case, if purchasers by their words or actions caused the application for approval of the G.I. loan to be cancelled, then they would not be entitled to come into court and recover the earnest money because of failure of the purchaser to obtain such approval. We believe that there is ample evidence in this case to sustain such a finding by the jury, had it been submitted. There is also evidence that the purchasers had abandoned their contract to purchase the property in question, and if the jury had so found the appellee could not have recovered the earnest money.

We do not pass on the merits of the issues that appellants contend should have been submitted to the jury, because we do not know what issues will be raised on another trial of this case.

The judgment of the trial court is reversed and the cause remanded for a new trial.