J. W. MILLER, Appellant,

v.

Mrs. H. BAUM, Etc., Appellee.

No. 25543.

United States Court of Appeals
Fifth Circuit.

Sept. 10, 1968.

Sterling W. Steves, David F. Chappell, Hooper, Steves & Kerry, Fort Worth, Tex., for appellant.

Louis P. Bickel, Johnson, Bromberg, Leeds & Riggs, Dallas, Tex., for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and ATKINS, District Judge.

ATKINS, District Judge:

The plaintiff appeals from an order of the district judge granting a directed verdict for the defendant at the close of all the evidence.

J. W. Miller brought suit in the United States District Court for the Northern District of Texas against Mrs. H. Baum. He sought to recover for an alleged breach of a compromise settlement agreement that was entered as a consent judgment in a prior case in the same court.

The pertinent provisions of the settlement agreement provide:

"9. DEFENDANT, J. W. MILLER, shall pay to PLAINTIFF, MRS. H. BAUM, Individually and as Trustee under the will of HERMAN BAUM, Deceased, d/b/a SOUTHWEST AUTO LEASING COMPANY, on or before October 21, 1966, at 5:30 P.M. the sum of $49,456.00 in cash or by certified check.

"10. Upon payment of said $49,456.00, it is clearly understood and agreed that:

a). PLAINTIFF shall deliver title to DEFENDANT, J. W. MILLER, to said 219 Nico cotton wagons;

b). PLAINTIFF shall deliver to DEFENDANT, J. W. MILLER, a written list of the location of said 219 Nico cotton wagons and 463 sets of sideboards and endgates;

c). DEFENDANT, J. W. MILLER, shall take possession of said 219 Nico cotton wagons and 463 sets of sideboards and endgates, where is and in an 'as is' condition.

"11. It is specifically agreed that DEFENDANT, J. W. MILLER, shall have the authority to sell and to arrange for the sale of the 219 Nico cotton wagons and 463 sets of sideboards and endgates which are the subject of this suit for delivery of said 219 Nico cotton wagons and 463 sets of sideboards and endgates on or after October 21, 1966, subject to the agreement that on the said date, J. W. MILLER shall pay to PLAINTIFF the sum of $49,456.00 as provided in this agreement. Any amount of money in excess of $49,456.00 from the sale of said wagons and said sideboards and endgates realized by J. W. MILLER shall be retained by DEFENDANT MILLER free and clear of any claim of PLAINTIFF. Any of said Nico cotton wagons and sets of sideboards and endgates remaining after the payment of the said $49,456.00 on October 21, 1966, shall become the property of J. W. MILLER free and clear of any claim of PLAINTIFF." (R. 21-22)

According to the pleadings, pretrial order, and the evidence adduced at trial, the plaintiff sought to recover for an anticipatory breach of the settlement agreement. It was Mr. Miller's position that Mrs. Baum, through her agents, servants and employees, prevented or made it impossible for the plaintiff to perform under the settlement agreement by interfering with Mr. Miller's right to sell the wagons and sideboards to third persons.

The able trial judge, Honorable Leo Brewster, granted the defendant's motion for a directed verdict on the ground that the plaintiff failed to prove by probative evidence the allegation that the defendant breached the settlement agreement.

This Court is committed to the proposition that the entry of an order granting a motion for a directed verdict for a defendant must be reversed if there is any evidence which would have supported a verdict in favor of the plaintiff. Geddes v. Daughters of Charity of St. Vincent de Paul, Inc., 348 F.2d 144 (5th Cir. 1965). When reviewing the evidence, the trial judge, for the purposes of the motion, must accept as true plaintiff's testimony as to any material fact and all reasonable inferences to be drawn therefrom. Planters Mfg. Co. v. Protection Mutual Ins. Co., 380 F.2d 869 (5th Cir. 1967); Mixon v. Atlantic Coast Line R. R. Co., 370 F.2d 852 (5th Cir. 1966); Herron v. Maryland Casualty Co., 347 F.2d 357

(5th Cir. 1961); Turner v. Atlantic Coast Line R. R. Co., 292 F.2d 586 (5th Cir. 1961). The determination of the credibility of the witnesses is within the exclusive domain of the jury. What evidence then was there which if believed by the jury would have supported a verdict for the plaintiff?

■ Counsel for the appellee is correct when he asserts that most of the testimony adduced by the plaintiff was hearsay testimony. Although testimony of a hearsay nature is admitted without objection, this court will not consider such testimony when weighing the sufficiency of the evidence to go to the jury. The competent evidence tended to establish that a Mr. Bishop, an employee of the defendant company, Southwest Leasing Company, visited a Mr. Broughton, prior to October 21, 1966, for the purpose of leasing Nico cotton wagons to him. Mr. Broughton testified that he was not told about the right of Mr. Miller to sell the wagons pursuant to the settlement agreement Mr. Miller and Mrs. Baum had executed. Sixty Nico cotton wagons had actually been leased to a Mr. M. R. Calhoun, who, in answers to written interrogatories which were put into evidence, stated that he had an understanding prior to the October 21 performance date with the defendant that he would lease the trailers in 1966. The testimony of a Mrs. Rebecca Cline, an agent employed by Mr. Miller, tends to establish that when she contacted Mr. Calhoun on October 5, 1966, for the purpose of selling the Nico cotton wagons to him, she learned from Mr. Calhoun that he had already leased some. Competent testimony elsewhere in the record tends to establish that a Mr. Farley would have purchased 200 of the Nico wagons at $200 each. Mr. Miller testified that he did not sell to Mr. Farley or to anyone else because he, Mr. Miller, learned that Mrs. Baum, acting through her agents and employees, was attempting to lease all and in fact did lease some of the wagons to others prior to the performance date of October 21, 1966. Mr. Miller testified: "I could not make delivery of the wagons to Mr. Farley," as the reason why he did not sell to Mr. Farley.

■ Under the law of Texas, "where two parties enter into a contract and consummation of said contract is dependent upon occurrence of a future event, the promissor should do nothing to prevent the occurrence of such future event." 10 Tex.Jur. 447–448. Huckleberry v. Wilson, 284 S.W.2d 205, 206 (Tex.Civ.App. El Paso, Texas, 1955, writ dis'm.). See also Dodds & Wedegartner v. Reed, 69 S.W.2d 165 (Tex. Civ.App. Dallas, 1934, Jdgmt. adopted); Miller v. Hodges, 260 S.W. 168 (Tex. Com.App. 1924, Jdgmt. adopted).

Appellee asserts that the plaintiff failed to prove the essential element of damages. The record does not support this assertion. The competent evidence favorable to the plaintiff does establish that 200 Nico cotton wagons could have been sold for a sum of $40,000. Mr. Miller further testified that he had arranged to borrow $9,000 from a bank and he further testified that the 462 sideboards, which were part of the settlement agreement, could be made into 200 wagons which he planned to sell, presumably for $200 each.

■ The Court can understand the trial judge's attitude toward the plaintiff's case. Mr. Miller evidently made no attempt to contact the defendant in order to verify the information he received concerning the leasing of wagons by the defendant. He rather immediately sought legal counsel, seized upon the knowledge that Mrs. Baum had leased some wagons, and brought suit prior to the performance date of October 21, 1966. It is understandable that the trial judge should conclude Mr. Miller was attempting to renege upon his word as given in the settlement agreement. Nevertheless, the case comes to this Court solely upon the black and white pages of the record. The record, as indicated, does contain competent evidence which, if believed by a jury, would support a verdict for the plaintiff. The

trial judge may deem it advisable upon retrial to submit special interrogatories to the jury. Its use in this case may well prevent irrelevant, immaterial, and extraneous matters from affecting the verdict.

The Court reverses the order granting a directed verdict for the defendant and remands the case for a new trial.