**Ottello BREDA et ux., Appellants,**

v.

**GUARDIAN TITLE COMPANY et al., Appellees.**

No. 5798.

Court of Civil Appeals of Texas, Waco.

Nov. 30, 1977.

Jerry S. Payne, Payne, Benefield & Widmer, Houston, for appellants.

George V. Berg, Jr., Buvens & Sellers, Jack W. Mills, Murr & Mills, Houston, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Breda and wife from a take-nothing judgment in a suit for return of earnest money deposited in escrow.

Plaintiffs Breda sued Guardian Title, alleging plaintiffs sought to purchase a house from Donald C. McNaught and wife; entered into an earnest money contract on August 16, 1975 with the McNaughts; deposited $5000. as earnest money with Guardian; that the contract provides plaintiffs entitled to their earnest money back if they were unable to get a 90% loan for 30 years; that pursuant to the contract plaintiffs applied for an 87% loan; which would be easier to obtain than a 90% loan; used diligence to obtain same, but could not get one; and after the contract expired asked for their earnest money but Guardian refused same. Plaintiffs sought return of the $5000. earnest money.

Guardian answered it received the $5000. earnest money pursuant to a contract for plaintiffs to buy a house from the McNaughts; that conflicting claims have arisen as to who is entitled to the $5000.; that Guardian has deposited the $5000. into the registry of the court, less $500. retained as its reasonable attorney's fee.

The McNaughts were cited and answered that without good reason plaintiffs refused to go forward with the contract to buy the house; and prayed that they recover the $5000. earnest money, less reasonable attorney's fees for Guardian.

Plaintiffs sought to file supplemental petition the day of trial alleging they at-

tempted to obtain a 90% loan but could not do so. The trial court refused to permit the filing of such supplemental petition.

Trial was before the court which rendered judgment plaintiffs take nothing; that Guardian take $500. as its reasonable attorney's fees; and that $4,500. be awarded the McNaughts.

Plaintiffs appeal on 4 points contending:

1) The trial court erred in rendering judgment denying return of their earnest money because there was no evidence and/or insufficient evidence to support such judgment.

2) The trial court erred in denying plaintiffs filing their supplemental petition.

3) Plaintiffs are entitled to a remand because they have not had benefit of findings of fact and conclusions of law.

■ On August 16, 1975 the Bredas contracted in writing with the McNaughts to purchase the McNaughts' house for $103,500.; the Bredas deposited $5000. earnest money in escrow with Guardian; the contract provided if purchaser were unable to obtain a 90% loan at 9½% within 45 days purchaser shall be entitled to refund of the earnest money deposit.

Plaintiff Breda testified he contacted Holland Mortgage Company to get a 90% loan; that he was told he could not get a 90% loan but probably could get an 87% loan; that he was never told by Holland that the 87% loan was turned down; but on his own initiative he stopped the processing of the loan because he didn't want them to go further when he realized that because of his financial situation, had the loan been approved he would not have been able to finance the purchase. Mr. Breda further testified he called Holland Mortgage and told them to discontinue processing the loan application; and further that he entered a contract to buy another house on September 7, 1975. The witness Brown of Holland Mortgage testified he never turned Breda down on the 87% loan; that he was notified the Bredas had purchased another house, and that he obtained a 90% loan on it for them.

The trial judge was authorized to believe that the Bredas simply backed out of their contract to buy the McNaught house.

■ The filing of an amendment within 7 days of trial is within the sound discretion of the trial court, and unless the trial court clearly abuses that discretion will not be overturned. We cannot say that the trial court clearly abused his discretion here. *Victory v. State,* 138 Tex. 285, 158 S.W.2d 760; *Irwin v. Whirley* Tex.Civ.App. (Waco) NWH, 538 S.W.2d 150.

■ The trial judge died after entry of judgment but before findings of fact and conclusions of law could be filed. The record does not disclose plaintiff ever requested any other judge presiding in the 164th District Court to file such findings and conclusions; and in view of the record as a whole the matter is harmless. See Rule 434 TRCP.

All plaintiffs' points are overruled.

AFFIRMED.