**Jerry P. SMITH, Appellant,**

v.

**Roger EVANS, Appellee.**

**No. 20441.**

Court of Civil Appeals of Texas, Dallas.

March 3, 1981.

Rehearing Granted March 30, 1981. (Smith)

Rehearing Denied March 30, 1981. (Evans)

Wade Starr, Goodstein & Starr, Dallas, for appellant.

Dean Carlton, Dallas, E. N. Bender, Houston, for appellee.

Before ROBERTSON, CARVER and STOREY, JJ.

CARVER, Justice.

This case presents a dispute over the disposition of the earnest money deposit accompanying a real estate sales contract permitting termination if the buyer cannot secure a loan on specified terms. Jerry P. Smith, who was the seller under the contract, appeals from a judgment awarding the earnest money deposit to Roger Evans, who was the assignee of the buyer, Shellriver Corp. We reverse and render because we hold that where the buyer's contractual right to recover its earnest money is conditioned upon buyer's inability to secure financing on stated terms, the condition is not met if the buyer fails to apply for a loan on the stated terms.

The condition is stated in the contract as follows:

4. FINANCING CONDITIONS: This contract is subject to approval for Buyer of a <u>X</u> Conventional or _____

Conventional private mortgage insured third party loan (the Loan) of not less than the amount of the Note, amortizable monthly for not less than 30__ years, with interest not to exceed __9⅞__ percent per annum, and approval of any third party Second Note. Buyer shall apply for all financing within __five__ days from the effective date of this contract and shall make every reasonable effort to obtain approval. If all financing cannot be approved within 21 days from effective date of this contract, this contract shall terminate and Earnest Money shall be refunded to Buyer without delay.

Instead of applying for a loan in the stated terms, buyer applied for and was granted a loan by a savings association for the amount of the note for 25 years with interest at 9⅞ percent plus one point each from buyer and seller. No other effort was made by the buyer to comply with the contract terms within the time allowed. After the allowed time for securing the financing had elapsed, and with only the one application made to and granted on different terms by the savings association, buyer demanded the return of the earnest money from the title company by letter on the ground that: "the financing conditions provided by paragraph four (4) of such contract have not been met." On the same day, buyer assigned its rights under the sales contract and to the earnest money to Evans. The seller demanded that buyer close on the very loan terms the buyer had sought and had been granted by the savings association or, absent closing, seller asserted the right to keep the deposit. Since neither party responded to the other's demands, this suit followed with the title company (who had the deposit) and a broker (who had claim for his fee) being joined as parties. The title company tendered the $3,000 deposit as a stakeholder and was discharged, by agreement, with its attorney's fee paid from the earnest money, leaving $2,750 in the court's registry. The broker was dismissed from the suit before judgment. The trial court awarded the remaining amount of the ear-

nest money to the buyer, and the seller appeals.

It is seller's view that when buyer failed to *apply* for the loan on the terms specified in the contract, then there could be no lack of approval so as to permit buyer to terminate and recover the earnest money. Buyer argues that his application terms were not important since the loan as approved by the savings association was the best he could get under any application.

■ We agree with seller. Under the terms of the contract, it was buyer's duty and responsibility to apply for the loan upon the terms stated in the contract. Since the only application made by buyer was on different terms than those specified, buyer, by his own act, made it impossible to determine whether a loan on the specified terms would be "approved" by a lender. Buyer seeks to justify his claim to the earnest money because he made no application (on the specified terms), not because an application (on the specified terms) lacked the approval of a lender. We hold. that because of his failure to apply for the loan on the stated terms, the condition for return of the earnest money has not been satisfied.

This ruling is supported by *Huckleberry v. Wilson*, 284 S.W.2d 205 (Tex.Civ.App.-El Paso 1955, writ dism'd) in which the buyer and seller agreed that the sale was conditioned upon buyer obtaining approval of the Veteran's Administration loan. Buyer made application for the loan, but withdrew the application when he found other property he liked better. Buyer sought return of his earnest money because the loan had not been approved, but the court held that "if purchasers by their words or actions caused the application for approval of the G. I. loan to be cancelled, then they would not be entitled to come into the court and recover the earnest money because of failure of the purchaser to obtain such approval." 284 S.W.2d *supra* at 206. A similar result was reached on similar facts in *Breda v. Guardian Title Co.*, 559 S.W.2d 449 (Tex.Civ.App.-Waco 1977, no writ).

We reverse and render judgment that Jerry P. Smith recover the balance in the court's registry of $2,750, and further recover from Roger Evans $250 previously paid to the stakeholder, *Givens v. Girard Life Insur. Co.*, 480 S.W.2d 421 (Tex.Civ. App.-Dallas 1972, writ ref'd n.r.e.), together with interest at nine percent (9%) per annum from January 4, 1980 (the date of the erroneous judgment of the trial court) until paid, and all costs in the trial court and this court.

### ON MOTIONS FOR REHEARING

■ We grant Smith's motion for rehearing and modify our judgment to additionally award Smith judgment against Evans for $500.00 attorney's fees with interest at 9 percent per annum from January 4, 1980, until paid. Since the parties' contract provided for reasonable attorney's fees to the "prevailing party" enforcing the contract, and since the parties stipulated that $500.00 was a reasonable amount, and since Smith has prevailed under our opinion, we grant this additional relief inadvertently omitted from our prior judgment.

We deny Evans' motion for rehearing as being without merit.