0997

H. Lloyd HAMILTON, Jr., Appellant v. HARBORVIEW DEVELOPMENT PARTNERS, Greenhaven Apartments, Inc., and Marcus R. Durlach, III, Respondents.

(359 S. E. (2d) 516)

Court of Appeals

*Charles S. Altman* and *Benjamin Goldberg,* Charleston, *for appellant.*

*William B. Regan,* of *Regan & Williams,* Charleston, *for respondents.*

Heard June 24, 1987.

Decided July 27, 1987.

BELL, Judge:

This is an action in equity for the return and cancellation of an instrument. The case arises from a contract for the purchase and sale of real estate. H. Lloyd Hamilton, Jr., the buyer, agreed to purchase an office condominium in Charleston from the sellers, Harborview Development Partners, a joint venture between Greenhaven Apartments, Inc., a North Carolina corporation, and Marcus R. Durlach, III. The contract price was $660,000.00. The contract called for a deposit of $66,000.00, which Hamilton provided in the form of an irrevocable letter of credit. Because of financial difficulties, Hamilton decided not to close the purchase. When he demanded return of his deposit, the sellers refused, claiming a right to retain the money under the terms of the contract. This suit followed. The circuit judge held the sellers were entitled to retain the deposit as liquidated damages and dismissed the action. Hamilton appeals. We affirm.

The contract made Hamilton's obligation to purchase contingent upon his obtaining financing on specified terms. It went on to state:

> Purchaser shall make a good faith effort to obtain such financing and will promptly submit to any prospective source of permanent financing obtained by Seller all required information in connection with that lender's standard underwriting practices.

In the event of a default by Hamilton, the contract provided the sellers could retain any amount paid toward the purchase price as liquidated damages.

Some months after the parties entered the contract, the sellers obtained a financing package for Hamilton through a local bank. In order to process Hamilton's loan, the bank required him to submit certain financial information, including his income tax returns for the two previous years and a current appraisal report on the property. Hamilton admits he never gave the bank one of the tax returns or the appraisal. His only explanation for not furnishing the required information was: "[I] seems to me from a business standpoint they would come to me."

Hamilton began experiencing difficulties with other investments in the summer of 1984. By December 1984, his financial condition had deteriorated to the point he decided not to close on the Harborview contract. On December 11, 1984, his attorney wrote the sellers informing them that as a result of being unable to obtain financing, Hamilton would not purchase the property. The letter also requested the sellers to execute a document cancelling the $66,000.00 letter of credit.

The theory of Hamilton's action is that he is excused from the contract because he made a good faith effort to obtain financing and was unable to do so. The decisive issue at trial was factual: Did Hamilton make a good faith effort to obtain financing? The circuit court found he did not.

After reviewing the record in detail, we conclude the circuit court's finding is supported by the preponderance of the evidence. Hamilton admittedly did not furnish the information required by the bank. Neither did he apply to any other lender to finance the purchase.[1] On these facts, the circuit court correctly held Hamilton had defaulted on the contract and was not entitled to a refund of his deposit. *See Ray v. Peeples*, 387 So. (2d) 1303 (La. App. 1980); *Bushmiller v. Schiller*, 35 Md. App. 1, 368 A. (2d) 1044 (1977); *Smith v. Evans*, 620 S. W. (2d) 627 (Tex. Civ. App. 1981).

---

[1] Hamilton did go to a second bank to seek financing for a modified contract he sought unsuccessfully to negotiate with the sellers. The modified contract would have substantially reduced the square footage purchased with a corresponding reduction in the purchase price.

On appeal, Hamilton attempts to argue the sellers waived their rights under the contract by entering negotiations to restructure the purchase. He also appears to argue he was excused from the contract by impossibility of performance. As these issues are not raised by the pleadings or any exception, we cannot address them. *City of North Charleston v. North Charleston District,* 289 S. C. 438, 346 S. E. (2d) 712 (1986); *Southern Region Industrial Realty, Inc. v. Timmerman,* 285 S. C. 142, 328 S. E. (2d) 128 (Ct. App. 1985).

The judgment of the circuit court is

Affirmed.

SANDERS, C. J., and GOOLSBY, J., concur.