### 1167

William D. STOREN, Albert B. Bower, Theodore D. Storen, Jr., and John W. Molony, Acting as Partners in Smith Street Associates, a South Carolina partnership, Appellants v. James MEADORS, Respondent.

(369 S. E. (2d) 651)

Court of Appeals

---

[1] It should be noted that the father admits he agreed to pay half of Deborah's expenses.

*William C. Cleveland* of *Haynsworth, Marion, McKay & Guerard*, Charleston, *for appellants.*

*Donald J. Budman* of *Solomon, Kahn Smith & Baumil*, Charleston, *for respondent.*

Heard April 11, 1988.

Decided May 23, 1988.

SHAW, Judge:

Appellants, William D. Storen, Albert B. Bower, Theodore D. Storen, Jr., and John W. Molony, Acting as Partners in Smith Street Associates, a South Carolina partnership (hereinafter the partnership), brought an action against respondent, James Meadors, for breach of contract. From an order of the master-in-equity dismissing the partnership's complaint, the partnership appeals. We affirm.

In June of 1985, Meadors entered into a contract agreeing to purchase property known as 119 Smith Street from the partnership. The sale was contingent on several events, including that Meadors be able to obtain from Citizens and Southern Bank both purchase money and construction and renovation financing. Subsequently, in July of 1985, the bank committed to lend Meadors a portion of the purchase money.

In late summer, Meadors became concerned about a flooding problem with the property and no longer desired to purchase it. The partnership, however, indicated it would enforce the contract.

On October 2, 1985, the bank issued a letter refusing to lend Meadors the funds required under the contract for

construction and renovation. This letter was issued at least weeks subsequent to a verbal denial, and possibly even months. The sale of the property was not consummated and the partnership instituted this suit. The case was referred to the master-in-equity by consent with direct appeal to the Supreme Court. The master found the financing contingency was not met and the entire contract was, therefore, null and void.

Where parties to an action at law have consented to refer a matter to the master for rendition of a final judgment, we must examine the record to determine if there is any evidence which reasonably supports the findings of the master. *Fox v. Munnerlyn*, 283 S. C. 490, 323 S. E. (2d) 68 (Ct. App. 1984).

The partnership first contends the master erred in finding Meadors was excused from his obligations under the contract because of the bank's failure to provide construction financing as Meadors failed to exercise good faith in attempting to obtain financing.

In this case, the partnership freely and voluntarily entered into an agreement providing for strict financing. The contract required financing of both the purchase money and of renovation and construction. It further required these funds be obtained at a specific bank. The entire contract was contingent upon Meadors obtaining these funds from this particular source. Meadors applied for these funds at the appropriate bank and, while he received a commitment for the purchase money, he was turned down on the request for the much larger loan for development. An officer of the bank testified Meadors never mentioned any flooding problems or other defects with the property and she understood Meadors was ready to close the sale. This evidence reasonably supports the master's finding that Meadors worked towards closing the contract so as to be excused from performance when the bank denied financing.

The partnership further contends Meadors waived his right to rely on the financing contingency as an excuse for his non-performance. They argue Meadors requested only the purchase money in July of 1985 and then communicated to the sellers he had all the financing necessary to proceed with closing. Meadors denied he made any such communica-

tion. The evidence is such that the master could reasonably have accepted Meadors' version of the facts.

In light of the above holding, we need not address the issue of whether the partnership had marketable title to convey to Meadors.

Affirmed.

SANDERS, C. J., and BELL, J., concur.