THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Patricia C.
 Gregory and H. Jackson Gregory, Appellants,
 v.
 Courtney Lyn
 Tayloe and David E. Martin, Respondents.
 
 
 

Appeal From Horry County
 Benjamin H. Culbertson, Circuit Court
 Judge
Unpublished Opinion No.   2010-UP-252
Submitted April 1, 2010  Filed April 26,
 2010
REVERSED AND REMANDED

 
 
 
 Patricia C. Gregory and H. Jackson Gregory, both pro se, of Myrtle
 Beach, for Appellants.
 David E. Martin, of Myrtle Beach, for Respondents.
 
 
 

PER CURIAM:  Patricia C. Gregory and H. Jackson Gregory appeal a circuit court order denying the return of
 their earnest money in connection with a failed real estate transaction.  The
 Gregorys argue they should be insulated from default and allowed to obtain a
 refund of their earnest money deposit because the contract contained a
 contingency clause for obtaining financing, and their lender refused funding
 through no fault of either party.  Thus, the Gregorys contend the circuit court
 erred in denying the return of their earnest money.  We agree, and now reverse
 and remand for entry of an order directing the return of the earnest money to
 the Gregorys.[1]  
The Gregorys entered into a
 real estate contract with Courtney Lyn Tayloe to purchase a condominium in
 Myrtle Beach for $89,000.  The contract required an earnest money deposit
 in the amount of $1,000 to be held in escrow by David E. Martin, the attorney
 who drafted the purchase contract.  The contract
 expressly provided "Buyer's obligation under this Contract is contingent
 on Buyer obtaining financing."  The contract did not contain a
 forfeiture clause in the event of default.  
"The
 cardinal rule of contract interpretation is to ascertain and give effect to the
 intention of the parties."  Chan v. Thompson, 302 S.C. 285, 289, 395
 S.E.2d 731, 734 (Ct. App. 1990).  In determining the intention of the parties,
 the court first looks to the language of the contract.  C.A.N. Enters., Inc.
 v. S.C. Health and Human Serv. Fin. Comm'n, 296 S.C. 373, 377, 373 S.E.2d
 584, 586 (1988).  When the contract language is perfectly plain and capable of
 legal construction, the language alone determines the contract's full force and
 effect.  Conner v. Alvarez, 285 S.C. 97, 101, 328 S.E.2d 334, 336
 (1985).  
The Gregorys made a good faith effort to obtain financing, but
 their lender refused funding due to a secondary financing clause in the
 purchase contract.  Both Tayloe and Martin were aware of the secondary
 financing clause, especially in light of the fact that Martin drafted the
 contract of sale.  Indeed, Tayloe
 and Martin conceded in their brief that failure of a financing contingency
 would ordinarily excuse the Gregorys from liability under the contract with
 Tayloe.[2]  Therefore, the contingency clause in this case operates to
 insulate the Gregorys from all liability.  Compare Storen v. Meadors, 295 S.C. 438, 440, 369 S.E.2d 651, 652
 (Ct. App. 1988) (finding a prospective buyer was excused from performance under
 a real estate purchase contract with a financing contingency clause when the
 buyer made a good faith effort to obtain financing), with Hamilton v.
 Harborview Dev. Partners, 293 S.C. 226, 228, 359 S.E.2d 516, 517 (Ct. App.
 1987) (holding a prospective buyer was not entitled to a
 refund of his deposit on a real estate purchase contract when buyer did not
 make a good faith effort to obtain financing, and when the contract expressly
 stated sellers could retain the deposit in the event of default).
Finally, even if the Gregorys had defaulted on their contractual
 obligations, the contract did not contain a provision for automatic forfeiture
 of the earnest money to the non-defaulting party.  The contract merely provided
 that "in the event of any controversy or disagreement concerning said
 earnest money, Escrow Agent shall be entitled to refrain from any and all
 action until both Buyer and Seller agree in writing to the satisfaction of the
 Escrow Agent as to the disposition of the earnest money . . . ."  Because
 there was no forfeiture clause, the Gregorys were entitled to a refund of their
 earnest money regardless of the reasons why the contract fell through.  See 92A C.J.S. Vendor and Purchaser § 646 ("On
 the failure of negotiations for a sale of land, the purchaser may recover a
 deposit made by him or her if there is no provision for forfeiture.").  
Accordingly,
 the decision of the circuit court is
REVERSED AND
 REMANDED.
PIEPER
 and GEATHERS, JJ., and CURETON, A.J., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Tayloe and Martin submit the Gregorys' current
 argument is unpreserved for appeal.  We disagree, and find this issue is
 preserved pursuant to Bartles v.
 Livingston, 282 S.C. 448, 464, 319
 S.E.2d 707, 716 (Ct. App. 1984) ("The standard which guides [an
 appellate court] is whether, despite the improperly framed exception, the issue
 sought to be raised is reasonably clear to [the appellate court] and the
 adverse party.").