# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50157

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2015

Lyle W. Cayce
Clerk

LAUREN PETERS,

      Plaintiff - Appellant

v.

JP MORGAN CHASE BANK, N.A., successor by merger to Chase Home
Finance, L.L.C.,

      Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CV-637

Before HIGGINBOTHAM, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:*

      Plaintiff- Appellant Lauren Peters ("Peters") appeals the district court's grant of Defendant-Appellee J.P. Morgan Chase Bank's ("Chase") motion to dismiss. Because the district court erred in holding that Peters did not plead sufficient facts to state a breach of contract claim against Chase, we REVERSE in part and REMAND.

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50157

**FACTS AND PROCEEDINGS**

A. Factual Background

On or about March 28, 1997, Peters executed a promissory note and delivered a deed of trust for the residential property located at 6606 Robbie Creek Cove, Austin, Texas. The deed was for $116,400. Uniform covenant 2 of the deed required Peters to pay property taxes and hazard or property insurance, among other things, for the property. These payments were to be held by the lender as "escrow items." In the event Peters failed to pay, the lender could pay the amount required to protect the value of the property; these expenditures would be added to Peters's debt.

Uniform covenant 4 of the deed stated: "Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property [as set forth in covenant 2]" or "Borrower shall pay them on time directly to the person owed payment." If Peters did pay taxes directly, she was required to provide receipts to Chase.

Uniform covenant 5 set forth similar requirements for the payment of hazard or property insurance. The "Planned Unit Development Rider," however, provided that if Peters's owners' association maintained an acceptable hazard insurance policy, then Peters need not send hazard insurance premiums as required in covenant 2 and would be considered in compliance with covenant 5.

Peters paid her mortgage payments to Chase and her property tax and insurance directly until 2009. It is unclear whether Peters provided the required receipts to Chase during this time. Without Peters's knowledge, and for unclear reasons, beginning in 2002, Chase created an escrow account that

2

also paid insurance and property taxes for the property.  Per the terms of the deed, Chase first applied Peters's mortgage payments to the escrow account to cover insurance and tax costs.  The remainder was then applied to the mortgage obligation.  This resulted in double payment of tax and insurance liabilities and underpayment of Peters's mortgage obligation.

In 2009 Chase moved to foreclose on the property.  Peters investigated the reason for the foreclosure and discovered the double tax and insurance payments.  Ultimately, Peters entered into a temporary loan modification agreement and the foreclosure was cancelled.

Peters continued directly paying her taxes and insurance and sending mortgage premiums to Chase during 2010 and 2011.  Chase, however, refused Peters's payments due to the "status of account."  Peters asked Chase for an accounting of her account.  Chase did not reply.  In May 2012 Peters was again notified that the property would be foreclosed upon.  At this point, Chase sent Peters an accounting which stated that she owed $50,000.[1]

Peters supplemented her pleadings with a "Detailed Transaction History" showing that she made mortgage payments to Chase from December 10, 2007 to February 10, 2010.  She also attached a letter from Chase, dated December 15, 2010, returning a payment "[d]ue to status of account."  Peters alleges that Chase refused $21,352.55 in payments.  She also filed a letter from the United Services Automobile Association (USAA) confirming her homeowner's insurance for 2007–2009.

---

[1] Peters contests this figure and claims that she owes approximately $31,000, half of which is related to unpaid payments and half to Chase's alleged misallocations.

No. 13-50157

B. Procedural Background

Peters filed her original complaint in the 345th Judicial District of Travis County, Texas, on June 4, 2012.  Chase filed a notice of removal to federal court on July 13, 2012, pursuant to 28 U.S.C. §§ 1441, 1446.  Chase then filed a motion to dismiss for failure to state a claim on July 20, 2012.  Chase argued that Peters "[did] not allege any specific cause of action . . . that would allow for recovery of damages."  Peters responded on August 15 with a motion to amend the pleadings.  The district court, over Chase's objection, granted Peters's motion to amend on August 23, 2012.

Peters's amended complaint sets forth the facts described above.  Peters alleges several causes of action.  Her main argument is that Chase lacked authority to foreclose because the mortgage was not properly assigned.  This argument, however, is not before the court.[2]  Peters also alleges breach of contract, claiming that Chase "overcharged [her] and has breached its contract by the force placement of insurance and taxes not permitted by the deed of trust and note."  Peters makes two other claims: first, that she pleaded a viable action seeking a declaratory judgment of the amount due on her mortgage pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*; and, second, that she pleaded a viable cause of action for an accounting.

Chase moved to dismiss the first amended complaint for failing to state a plausible claim for relief.  Peters responded, in relevant part, that she sufficiently pleaded a breach of contract claim because the amended complaint alleged that Chase misallocated Peters's payments, which made it appear that

---

[2] Peters's principle argument at the district court was that Chase did not show it was the owner or holder of the note.  Peters admits that this argument is foreclosed by *Martins v. BAC Home Loan Servicing, L.P.*, 722 F.3d 249 (5th Cir. 2013), and raises it on appeal only to preserve the argument.

she was not paying her mortgage, which led to the foreclosure. Chase replied that Peters cannot assert a breach of contract claim when she admits to being $15,000 in arrears on her payments, in breach of the contract.

On December 17, 2012 the district court granted Chase's motion to dismiss. The district court described Peters's amended complaint as offering "a slew of causes of action" but only two factual bases: "(1) Chase overstates Peters's amount of arrearage, and (2) Chase lacks authority to foreclose . . . ." The court further stated, "Peters admits she owes over $30,000 to Chase, and half of that is from missed payments." The court concluded that because Peters was in arrears on her note and offered no other "basis in law or equity showing she is entitled to relief," Chase was "entitled to foreclose under the Deed of Trust." The district court's opinion, however, principally addressed Peters's argument that Chase lacked authority to foreclose, and offered no substantive analysis of the breach of contract, declaratory judgment, or accounting claims.[3]

Peters filed a motion for a new trial and rehearing on January 14, 2013. In this motion, Peters noted several factual errors made by the court. As to breach of contract, Peters stated that she did not admit that she is in default, that she never refused to make payments, and that she offered to tender the correct amount. The court denied her motion on January 25, 2013. She filed this timely appeal.

---

[3] The order categorizes Peters's claims as "standing," "authority to foreclose," "quiet title," and "arrearage amount." There is no explicit mention of Peters's breach of contract claim. The district court suggested that it dismissed Peters's contract claim because "Peters admits she owes over $30,000 to Chase," but did not elaborate.

No. 13-50157

## STANDARD OF REVIEW

Dismissal for failure to state a claim is reviewed de novo, accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and footnote omitted).

## DISCUSSION

Peters's breach of contract claim was sufficiently pleaded to overcome Chase's motion to dismiss for failure to state a claim. As a result, Peters's cause of action seeking a declaration of the amount due on her mortgage has also been sufficiently pleaded.

It appears that the district court dismissed Peters's breach of contract claim because Peters was in arrears to Chase. R. at 229 ("Peters admits she owes over $30,000 to Chase"). The district court is correct, as a general principle, that an individual in breach cannot bring a cause of action for breach against another contracting party. *See, e.g., Sport Supply Group, Inc. v. Columbia Cas. Co.,* 335 F.3d 453, 465 (5th Cir. 2003) (holding that, "[u]nder Texas Law, the elements of a breach of contract claim" include "performance by the plaintiff"). There are, however, possible exceptions to this rule, which are sufficiently raised by Peters's complaint to warrant remanding the case.

No. 13-50157

If Chase's alleged breach—the misapplication of Peters's payments to an escrow account, resulting in default—constituted a material breach, then Peters may not have been required to continue to comply with the contract. "'[W]hen one party to a contract commits a material breach of that contract, the other party is discharged or excused from any obligation to perform.'" *X Technologies, Inc. v. Marvin Test Sys., Inc.*, 719 F.3d 406, 413 (5th Cir. 2013) (quoting *Hernandez v. Gulf Grp. Lloyds,* 875 S.W.2d 691, 692 (Tex. 1994)). Since Peters alleged that Chase breached what could be considered a material term, she sufficiently raised the possibility that she was excused from continuing to pay on the mortgage.[4]   Though this court has not directly addressed these circumstances, in comparable circumstances the Seventh Circuit reversed the district court's grant of summary judgment.  *See Catalan v. GMAC Mortg. Corp.*, 629 F.3d 676, 691–92 (7th Cir. 2011).

Similarly, Peters could argue that Chase's rejection of her mortgage payments, even if not a material breach, rendered performance impossible and that, as a result, any subsequent breach does not bar her claim. *See, e.g., Miller v. Baum,* 400 F.2d 176, 178 (5th Cir. 1968).   Accordingly, we reverse and remand for further factual development and consideration of Peters's breach of contract claim.  *See Allied Elevator, Inc. v. E. Texas State Bank of Buna*, 965 F.2d 34, 38 (5th Cir. 1992) (reversing summary judgment and remanding to determine if an allegedly breached term—which was not considered by the district court—was material, excusing plaintiffs from paying the amount due).

---

[4] "Whether a breach is material is a question of fact."  *X Technologies, Inc.*, 719 F.3d at 414.  We, therefore, reach no conclusion about whether Chase breached the contract or whether the allegedly breached term was material.

No. 13-50157

That Peters has sufficiently pleaded a breach of contract cause of action also affects her declaratory judgment and accounting claims. The district court may have dismissed Peters's declaratory judgment claim on the grounds that there was no controversy between the parties because Peters had breached the deed and thus did not have a "substantial and continuing controversy," *see Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003) (citations omitted), as required by 28 U.S.C. § 2201. As discussed above, however, Peters has alleged that there is a breach of contract claim. This claim can "presently be litigated and decided" based on the facts before the district court and therefore states a claim for declaratory judgment. *Brown & Root, Inc. v. Big Rock Corp.,* 383 F.2d 662, 665 (5th Cir. 1967). Further, Chase is incorrect that Peters has not properly alleged that the available remedy will not redress the injury: Peters pleaded that she could prevent foreclosure if a declaratory judgment were issued. R. at 208 ("Plaintiff also stands ready to tender that payment . . . .").

Lastly, the district court's dismissal of Peters's request for an accounting as a separate equitable cause of action is affirmed. Peters has not shown that the requested accounting is so "'complex that adequate relief cannot be obtained by law.'" *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 737 (E.D. Tex. 2011) (quoting *Brown v. Cooley Enters., Inc.,* No. 3:11–CV–0124–D, 2011 WL 2200605, at *1 (N.D. Tex. June 7, 2011)). But, the district court's dismissal of Peters's accounting claim as a remedy is reversed. The determination of whether an accounting is an appropriate remedy should be made if Chase is found to be liable under the breach of contract claim.

No. 13-50157

## CONCLUSION

For the foregoing reasons, we REVERSE the district court's dismissal of Peters's breach of contract claim and declaratory judgment claim. We REMAND the case to the district court for further proceedings.